Gary L. SMITH, Appellant,

v.

OTIS ENGINEERING CORPORATION, Appellee.

No. 01–83–0666–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 3, 1984.

Charles Bailey, Jr., Alvin, for appellant.

Richard L. Tate, Michael Phillips, W.D. Carter, Fulbright & Jaworski, Houston, for appellee.

Before EVANS, C.J., and BASS and BULLOCK, JJ.

## OPINION

EVANS, Chief Justice.

The plaintiff, Gary L. Smith, brought this personal injury action against defendants Stewart Well Service Company, Otis Engineering Corporation, and Houston Fishing Tools Company. The trial court granted a take-nothing summary judgment for the defendant, Otis Engineering, and entered an order severing that cause from the action against the remaining defendants.

The plaintiff's single point of error asserts that the summary judgment proof did not establish, as a matter of law, that he was the employee of Otis Engineering at the time of the accident, and that his acceptance of workers' compensation benefits from Otis Engineering's compensation carrier, and his execution of a release in conjunction therewith, did not, as a matter of law, bar his negligence action against any of the defendants.

At the time of the plaintiff's injury, he was assisting in the unloading of a large piece of oil field equipment from a truck owned by Otis Engineering. It is uncontroverted that he was then in the general employ of Stewart Well Service Company, and the issue before us is whether he was shown, as a matter of law, to be the "borrowed servant" of Otis Engineering.

Stewart Well Service Company and Houston Fishing Tools Company did not perfect an appeal from the trial court's judgment. However, Stewart Well Service Company has filed with this court a motion opposing the affirmance of the summary judgment, in which it contends that Otis Engineering failed to notify it of the summary judgment hearing. Stewart Well asks that the summary judgment be reversed because it unfairly prejudiced Stew-

art Well's defenses against the plaintiff. In view of our determination that the summary judgment was improvidently granted, we need not consider whether the defendant, Stewart Well Service Company, is entitled to assert such motion on this appeal.

In Texas, when a person accepts employment with an entity that carries workers' compensation, he is deemed "to have waived his right of action at common law ... to recover damages for injuries sustained in the course of his employment." Tex.Rev.Civ.Stat. art. 8306, Sec. 3a (Vernon 1967). In exchange for this waiver, the employer is strictly liable for all injuries sustained in the course of employment in an amount negotiated according to statutory guidelines and approved by the Industrial Accident Board. In such event, the employee's right to sue for an injury is otherwise unaffected, except that the employer is entitled to be subrogated to any recovery by the employee up to the amount of its workers' compensation payments to that employee. Tex.Rev.Civ.Stat. art. 8307, Sec. 6a (Vernon Supp.1984).

The borrowed servant doctrine has introduced some uncertainty into workers' compensation law because the employer, for purposes of Texas workers' compensation, is the entity with the right to control the employee at the time of the accident. See Nations, "Resolving Independent Contractor and Borrowed Servant Issues under Texas Workers' Compensation Law," 19 S.Tex.L.J. 445, 453 (1978). In a situation where one entity "borrows" the employee of another, there may be some division of authority between the parties as to the right to control the employee's performance of the particular task; however, the law continues to require that one party be named the employer and all others be classified as third parties outside the purview of the workers' compensation law. *See, e.g. Assoc. Indem. Co. v. Hartford Acc. & Indem. Co.,* 524 S.W.2d 373, 376 (Tex.Civ. App.—Dallas 1975, no writ).

In the case at bar, Otis Engineering argues that because its workers' compensa-

tion carrier assumed responsibility and paid workers' compensation benefits to the plaintiff, and because the plaintiff accepted such benefits and executed a release in its favor, it must be deemed, as a matter of law, that Otis Engineering was the plaintiff's employer at the time of the accident. We disagree with this argument.

The party that assumes primary responsibility for payment of workers' compensation benefits is not in every instance the workers' compensation employer, since that party's carrier can recoup those payments from the entity actually liable, *i.e.,* the employer with the right to control the injured worker. *Assoc. Indem. Co., supra.* Thus, even though the plaintiff in the case at bar acquiesced in the payment of workers' compensation benefits by Otis Engineering's compensation carrier, and executed a release to Otis Engineering in connection therewith, those circumstances are merely evidentiary, and not dispositive of the ultimate fact question, *i.e.,* which employer had the right to control his work at the time of the accident. *See Grimes v. Jalco, Inc.,* 630 S.W.2d 282 (Tex.App.— Houston [1st Dist.] 1981, writ ref'd n.r.e.).

We hold that the summary judgment proof did not establish, as a matter of law, that Otis Engineering had such control over the details of the plaintiff's work as to make the plaintiff its borrowed servant. We further hold that the proof that Otis Engineering paid workers' compensation benefits to the plaintiff does not entitle it, as a matter of law, to an employer's status under the Workers' Compensation Act. The plaintiff's release executed in connection therewith effectively sets forth the parties' understanding of the duties imposed by the Act, and therefore does not constitute an independent contract between them.

The trial court's summary judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.