ARCHEM COMPANY, Appellant,

v.

AUSTIN INDUSTRIAL, INC., Appellee.

No. 01–89–01252–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 31, 1991.

Paul Leggett, Michele Quattlebaum, Houston, for appellant.

Gary Hill, Houston, for appellee.

Before EVANS, C.J., and HUGHES and DUGGAN, JJ.

## OPINION ON MOTION FOR REHEARING

DUGGAN, Justice.

The motion for rehearing filed herein by appellant, Archem Company ("Archem") is granted. Our prior opinion dated August 31, 1990, is withdrawn and the following is substituted.

This is an appeal from a summary judgment.

Appellee, Austin Industrial, Inc. ("Austin"), supplies temporary labor. Pursuant to a contract for temporary labor, Austin provided Archem with Ray Vallejo, a contract laborer. Vallejo was injured at Archem while steam-cleaning transfusion hoses; he sued Archem for common-law negligence.

Archem moved for summary judgment, alleging that it subscribed to workers' compensation, that Vallejo was its borrowed employee for workers' compensation purposes, and thus Vallejo's negligence suit was barred by the workers' compensation act, TEX.REV.CIV.STAT.ANN. art. 8306, § 3a [1] ("the Act"). After the trial court overruled Archem's first motion for summary judgment, Vallejo added Austin as an additional defendant. Archem then filed a cross-action seeking indemnity and/or contribution from Austin; Austin responded and filed a motion for summary judgment against Vallejo and Archem. Both Archem and Austin claimed the Act shielded them from liability for common-law negligence.

Austin claimed to be Vallejo's employer under the Act because its contract with Archem provided: (1) Austin would buy workers' compensation insurance; (2) Austin would provide benefits pursuant to the Act; and (3) Austin would provide workers' compensation benefits to Vallejo. Archem responded that the contract did not address the "right of control" of employees, and thus Vallejo was its borrowed employee because the facts indicated that Archem had the right to control Vallejo's work. The trial court rejected Archem's argument and granted Austin's motion for summary judgment against Vallejo; it also denied Archem's motion for summary judgment against Vallejo and severed all claims against Austin.

In its sole point of error, Archem claims that the trial court erred in granting Austin's motion for summary judgment.

■ Under Texas Workers' Compensation Law, the entity with the "right to control" the employee at the time of the accident is the "employer" for workers' compensation purposes. *Smith v. Otis Eng'g Corp.*, 670 S.W.2d 750, 751 (Tex.App. —Houston [1st Dist.] 1984, no writ). An employee in the general employment of one employer may be temporarily loaned to another so as to become a special or borrowed employee of the second employer. *Producers Chem. Co. v. McKay*, 366 S.W.2d 220, 225–26 (Tex.1963). Whether a person is an "employee" of the general employer or the special employer to whom he is loaned is determined by which employer had "control" of the "manner of performing [his] services." *Id.* at 225. Where one entity "borrows" another's employee, workers' compensation law identifies one party as the "employer" and treats all others as third parties. *Smith*, 670 S.W.2d at 751.

■ If a contract between a general and special employer expressly provides that one party has the "right to control" the employee, then that employer is liable for workers' compensation benefits and is entitled to the Act's protection from liability for negligence. *Sanchez v. Leggett*, 489 S.W.2d 383, 387 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.); *see also*

---

**1.** Act of March 28, 1917, 33rd Leg., R.S., ch. 103, 1917 Tex.Gen.Laws 269, *repealed by* Act of Dec. 13, 1989, 71st Leg., 2d C.S., ch. 1, § 3.08, 1989 Tex.Gen.Laws 1, 20, effective Jan. 1, 1991.

*McKay,* 366 S.W.2d at 226. Absent a specific contract between a general and special employer, however, courts review the facts of each case to determine which entity had the "right to control" the employee's activities. *McKay,* 366 S.W.2d at 225–26; *Sanchez,* 489 S.W.2d at 387.

■ Here, the Austin–Archem contract does not address the "right to control" employees' activities. The only language in the Austin–Archem contract mentioning workers' compensation is:

[Austin's] Invoice rates [to Archem] include the following:

. . . .

B. Clerical services and administrative expenses of Austin Industrial's home office required to process payrolls, prepare checks, invoices, recruitment and job related support activities, perform the necessary accounting services such as payroll taxes, liability insurance, worker's compensation and on-job cost analysis.

■ Although the Austin–Archem contract addresses invoice rates for employees' work, it does not address the "right to control" employees' work. *See, e.g., Sanchez,* 489 S.W.2d at 387 (contract contained only language determining employment status between a general employer, a special employer, and their employees, and did not contain provisions determining right to control employees was found insufficient to establish right of control); *see also Zarate v. Brownsville Navigation Dist.,* 768 S.W.2d 393, 398 (Tex.App.—Corpus Christi 1989, no writ) (contract language which included provisions reserving the right to enter and inspect the work; specifying amounts and types of insurance, and details of the project; and providing for removal for unsatisfactory work, was insuffi-

cient to establish right of control over borrowed employee for FELA purposes); *cf. Magnolia Petroleum Co. v. Francis,* 169 S.W.2d 286, 286–87 (Tex.Civ.App.—Beaumont 1943, writ ref'd).[2] A written contract does not determine the "right to control" unless it expressly provides which party possesses the right of control. *See e.g., Sanchez,* 489 S.W.2d at 387. The contract before us is little more than a fee schedule. Because the Austin–Archem contract lacks an express provision regarding the right of control, it is not dispositive of the employer/third party issue, and we must review the facts to determine who possessed the right to control Vallejo's work.

■ Austin argues that the evidence uncontrovertedly proves that it supplied workers' compensation benefits, thus making it Vallejo's employer. Mere subscription to, or the "gratuitous" providing of, workers' compensation benefits is irrelevant to the question of control. *Denison v. Haeber Roofing Co.,* 767 S.W.2d 862, 866 (Tex.App.—Corpus Christi 1989, no writ). The payment of benefits to an employee on behalf of an employer does not entitle the employer to enjoy status of "employer" under the workers' compensation act. *Smith,* 670 S.W.2d at 752; *Carr v. Carroll Co.,* 646 S.W.2d 561, 563 (Tex.App.—Dallas 1982, writ ref'd n.r.e.).

Austin asserts that neither Archem nor its workers' compensation carrier ever attempted to assume responsibility for Vallejo following his injury. An employer's post-accident conduct is irrelevant to the issue of the right of control. The fact that Austin's workers' compensation carrier filed a statement of controversion is also irrelevant; this conduct, like that of Archem, was the act of a third party, and has

---

**2.** The following language in *Magnolia Petroleum* was found sufficient to determine the right of control:

Contractor hereby agrees to furnish the labor, equipment, implements, teams, trucks and all things necessary for and to do and perform the work and services hereinafter set out as an independent contractor, free of control or supervision of company as to means and method of performing the same; that all persons engaged in the performance of said work or service shall be solely the servants or em-

ployees of contractor; that Contractor shall carry Employers' Liability or Workmen's Compensation insurance liability or Workmen's Compensation insurance covering all persons performing such work or service, and carry Public Liability insurance covering the classes of work done and all motor equipment used hereunder, all in amounts and under policies examined, approved and accepted by Company.

169 S.W.2d at 286–87.

no bearing on who had the right of control at the time of the accident. *Denison,* 767 S.W.2d at 866.

In its motion for summary judgment, Archem offered the deposition testimony of Donn Fanning, Austin's Vice President of Marketing and Contract Administrator, who testified that Archem had the right to control Vallejo in the manner of performance of his job; that Austin sent Archem only laborers under the temporary labor contract, as opposed to foremen or other supervisory personnel; that Archem determined Vallejo's work hours at its discretion and provided his tools; and that Archem's supervisors told Vallejo what to do and how to perform assigned tasks, with no one from Austin on Archem's premises supervising him. Fanning's testimony raised a fact issue as to who controlled Vallejo's work. *See Sanchez,* 489 S.W.2d at 387. Summary judgment is proper only if, as a matter of law, no material issue of fact exists. *Griffin v. Rowden,* 654 S.W.2d 435, 435–36 (Tex.1983). Accordingly, summary judgment was improperly granted in favor of Austin, and we sustain Archem's sole point of error.

The judgment of the trial court is reversed, and the cause is remanded to the trial court for further proceedings.