Donald ARNOLD, Appellant,

v.

**RENKEN & KUENTZ TRANSPOR-TATION COMPANY, Appellee.**

No. 04–96–00363–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 27, 1996.

Mansel Turton, Turton & Tarver, San Antonio, for Appellant.

Robert M. Smith, Mullen, Shivers & Smith, San Antonio, for Appellee.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

## OPINION

HARDBERGER, Justice.

This is a worker's compensation case to which the trial court granted defendant's plea in bar and dismissed the suit on the first day of trial. We affirm.

## The Facts

Appellant Donald L. Arnold was employed as a truck driver by Renken & Kuentz Transportation Company. He was injured in the course and scope of his employment when, as he was fastening down a load of scrap wire, the chain and binder snapped and hit Arnold in the face. He was knocked unconscious momentarily and sustained injuries to his face, head, and body. As a result of the accident, Arnold filed for and received workers' compensation benefits for this injury.

Arnold then sued for gross negligence alleging his employer failed to provide the proper type of equipment for binding truck loads despite the fact that appellant had requested it. He maintained that the accident would not have occurred had his employer provided the proper equipment. He sought recovery of punitive damages and damages for emotional distress.

Defendant-appellee raised as an affirmative defense that Arnold's plea was barred by the workers' compensation statute. On the day the case was called for a jury trial, the parties announced "Ready" and the court heard argument on appellee's plea in bar, sustained the plea, and dismissed the case.

## The Law

Workers' compensation insurance coverage provides an exclusive remedy for injuries employees sustain in the course of their employment. Act of Dec. 13, 1989, 71st Leg., 2nd C.S., ch. 1, § 4.01, 1989 Tex. Gen. Laws 1, 32, *repealed by* Act of May 22, 1993, 73rd Leg., ch. 269, § 5(2), 1993 Tex. Gen. Laws 987, 1175 (current version codified at TEX. LABOR CODE ANN. § 408.001 (Vernon 1996)).

 The injured employee of a subscriber loses many common law rights in return for compensation benefits and medical treatment. Among those rights lost is, generally speaking, the right to sue under common law negligence.

> Injured employees of subscribers must look exclusively to the insurance carrier for compensation for injuries sustained on the job and have no other right against their employers for damages for personal injuries, except where (1) the injury results in death due to gross negligence or (2) the injury is due to an intentional act.

PHILLIP D. HARDBERGER, TEXAS WORKERS' COMPENSATION TRIAL MANUAL, Ch. 1, § 2.2a (2d ed. 1991).

## Intentional Conduct Must Be Pled

 Arnold did not die from his injuries, so the only possibility for his recovery in this lawsuit is if the injury was due to an intentional act. Such an act must be pled and proven before there can be a recovery. Causes of actions for intentional injuries are guaranteed to the employee by the "open courts" clause of the Texas Constitution and cannot be taken away by the legislature. *See Castleberry v. Goolsby Bldg. Corp.*, 617 S.W.2d 665, 666 (Tex.1981); *Middleton v. Texas Power & Light Co.*, 108 Tex. 96, 185 S.W. 556 (1916).

Arnold would have this court follow *Rodriguez v. Naylor Indus., Inc.*, 763 S.W.2d 411 (Tex.1989). We agree that *Naylor* is the most prominent recent case on intentional injury in a workers' compensation setting and we would happily follow it if it applied in this case, but it does not. *Naylor* was a summary judgment case in which Rodriguez had pled an intentional tort. *Id.* at 412. The essence of the plaintiff's position was that Rodriguez had been ordered by his supervisor to drive a truck with such bad tires that an accident was certain to happen and it did. This was an intentional injury, said Rodriguez. *Id.* at 413. The employer denied any intent to injure and filed a motion for summary judgment which the court granted. *Id.* at 412. The supreme court reversed and sent the case back for trial because a fact issue was created on intent. *Id.* at 413. The court said that the fact that the injured worker was not aware of the supervisor's intent to injure him did not prelude existence of intent as a matter of law. *Id.*

 The big difference in *Naylor* and the present case is that *Naylor* was pled as an intentional case and the present case was pled as a gross negligence case. This is fatal. A gross negligence case would only

apply if Arnold were dead, and he isn't. Appellant's first point of error is overruled.

### Too Little, Too Late (to Amend)

According to the order granting the plea in bar and dismissing the case, Arnold's attorney did not seek to amend his pleadings until after both sides had announced ready, they had argued the plea in bar, and the court had informed Arnold that the statute "barred the lawsuit the way you've alleged it." At that point, Arnold requested permission "to plead the intent." He argued to the trial court that the defendant would suffer no surprise because his amendment on intent would involve the same evidence he would present to establish gross negligence. The court stated it was too late to raise a new cause of action, especially when this was essentially a gross negligence claim.

Arnold's second point of error argues that he should have been permitted to amend his pleadings to include allegations of intent. There was ample opportunity for Arnold to amend his pleading before he announced "ready" on the day of trial. Appellee had raised the issue in its first amended answer and again in a separate pleading in advance of the trial. At the time Arnold announced "ready" his only theory of liability was gross negligence, a claim which is precluded by the workers' compensation statute. *See Naylor*, 763 S.W.2d at 412.

Arnold further argued that his allegations of emotional distress would take his claim outside the workers' compensation statute. The bar to negligence and gross negligence claims provided by the workers' compensation statute, however, also bars recovery for emotional distress when such claim stems from a work-related injury. *Witty v. American Gen. Capital Distrib., Inc.*, 727 S.W.2d 503, 506 (Tex.1987); *Jones v. Legal Copy, Inc.*, 846 S.W.2d 922, 925–26 (Tex.App.—Houston [1st Dist.] 1993, no writ).

We do not find error in the court's refusal to permit an amendment after the trial has begun when appellant's only claim is work-related and the proposed amendment for recovery of emotional distress would be subject to the same statutory bar. *See McAlister v. Medina Elec. Co-op., Inc.*, 830 S.W.2d 659, 663 (Tex.App.—San Antonio 1992, writ denied). Appellant's second point of error is overruled. The judgment is affirmed.

DUNCAN, J., concurs in the judgment only.