Marleny ALVARADO, Appellant,

v.

WINGFOOT ENTERPRISES d/b/a Tandem Staffing, Appellee.

No. 01–00–01199–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 26, 2001.

Jorge Luis Gomez, Houston, for Appellant.

Carolyn Stamper Schultz, Houston, for Appellee.

Panel consists of Justices WILSON, TAFT and PRICE.*

## OPINION

TAFT, Justice.

Appellant, Marleny Alvarado, appeals two summary judgments rendered in favor of appellee, Wingfoot Enterprises d/b/a Tandem Staffing ("Tandem"). We review whether: (1) Alvarado's negligence and

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

gross negligence claims against Tandem are barred by the "exclusive remedy" provision of the Labor Code; and (2) whether there are fact issues concerning whether Tandem acted negligently and grossly negligently. We affirm in part and reverse in part and remand the cause.

### Facts

Tandem is a staffing business that provides workers to industrial clients. In November 1997, Tandem hired Alvarado as a worker. Tandem sent Alvarado to work at Web Assembly, Inc. ("Web"). Tandem was solely responsible for hiring, terminating, and screening all employees assigned to Web. Tandem also paid Alvarado's FICA and Social Security taxes. Tandem had an oral agreement with Web under which all workers Tandem sent to Web were considered Tandem employees. This oral agreement does not appear to address the "right to control" the workers' activities.

While at Web, Alvarado operated a staking machine. In the course of her employment, Alvarado had an accident in which she partially severed three of her fingers. Before the accident, Alvarado complained several times to Web personnel that the machine had mechanical problems. At the time of Alvarado's accident, Tandem had workers' compensation insurance covering all of its employees, including Alvarado. Web did not carry Tandem employees on its workers' compensation policy. Shortly after the accident, Alvarado applied for and received workers' compensation benefits under Tandem's policy.

Alvarado then sued Tandem, alleging that her injury resulted from Tandem's negligent and grossly negligent failure to provide her with a safe work environment. Tandem filed two motions for summary judgment. In its first, "traditional," summary judgment motion, Tandem argued Alvarado's claims were barred by the ex-

clusive remedy provision of the Labor Code. In its second, "no-evidence," motion, Tandem reiterated its exclusive remedy argument as a basis for relief, and further asserted it was entitled to summary judgment because there was no evidence: (1) that Tandem owed Alvarado a legal duty; (2) that Tandem proximately caused Alvarado's injuries; and (3) that Tandem was grossly negligent. The trial court granted both motions. Alvarado then filed a motion for new trial, which the trial court denied.

### Standard of Review

 We review the traditional summary judgment under the usual standard of review. *See Nixon v. Mr. Prop. Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). We review the no-evidence summary judgment by construing the record in the light most favorable to the nonmovant and disregarding all contrary evidence and inferences. *See Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex.App.—Houston [1st Dist.] 1999, no pet.). A no-evidence summary judgment is improperly granted if the nonmovant brings forth more than a scintilla of evidence to raise a genuine issue of material fact. *See* Tex. R.Civ.P. 166a(i); *Greathouse v. Alvin Indep. School Dist.*, 17 S.W.3d 419, 423 (Tex. App.—Houston [1st Dist.] 2000, no pet.). When the trial court does not state the specific grounds on which it granted summary judgment, we will affirm if any of the theories advanced is meritorious. *State Farm Fire & Cas. Co. v. S.S. & G.W.*, 858 S.W.2d 374, 380 (Tex.1993).

### Exclusive Remedy under the Labor Code

In her first point of error, Alvarado asserts the trial court erred by granting Tandem's first summary judgment motion

on the grounds of the Labor Code's exclusive remedy provision. Alvarado contends Tandem is not protected from common law liability under the Labor Code's exclusive remedy bar because it is not her employer for workers' compensation purposes.

## A. Right to Control

"Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the *employer* or an agent or employee of the employer for the death of or a work-related injury sustained by the employee." TEX. LAB.CODE ANN. § 408.001(a) (Vernon 1996) (emphasis added). The analysis thus turns on whether Tandem is Alvarado's employer.

When "one entity 'borrows' another's employee, workers' compensation law identifies one party as the 'employer' and treats all others as third parties." *Archem Co. v. Austin Indus., Inc.*, 804 S.W.2d 268, 269 (Tex.App.—Houston [1st Dist.] 1991, no writ). Within the "borrowed servant" context, the party with the "right to control" the employee at the time of the injury is the "employer" for workers' compensation purposes. *Texas Workers' Compensation Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 595 (Tex.2000) (citing *Thompson v. Travelers' Indem. Co. of R.I.*, 789 S.W.2d 277, 278 (Tex.1990)); *Archem*, 804 S.W.2d at 270.

"If a contract between a general and special employer expressly provides that one party has the 'right to control' the employee, then that employer is liable for workers' compensation benefits and is entitled to the [Labor Code's] protection from liability for negligence." *Archem*, 804

S.W.2d at 270. When the contract between the companies does not address who has the "right to control" the employee's activities, however, "courts review the facts of each case to determine which entity had the 'right to control' the employee's activities."[1] *Id.*

In this case, no written contract identifies whether Tandem or Web had the right to control Alvarado. The oral agreement between Web and Tandem does not address this issue either. We therefore review the record to determine whether a fact issue exists as to which entity had the right to control Alvarado's work when she was injured.

Tandem's summary judgment proof shows it gave Alvarado safety training and equipment. Tandem had supervisors at Web's facility who ensured the leased employees arrived on time and received proper equipment. Tandem's supervisors also instructed the leased employees about breaks and lunch hours.

On the other hand, Tom Landry, Tandem's president, admitted in his deposition that the client company (Web) supervised the specific tasks the leased employees such as Alvarado performed. Moreover, Peter Shukas, Web's Human Resource manager, testified that Web directed, controlled, and supervised the workers it leased from Tandem while they were in Web's facilities. Specifically, Shukas admitted that Web controlled the specific task Alvarado was performing on the day of her accident. Shukas also admitted that when Alvarado had her accident, "Web was the only one that had the right to control Ms. Alvarado with regard to her work." This testimony reveals a fact issue

1. The right to control is determined by examining the nature of the general project, the nature of the work to be performed by the employees furnished, length of the special employment, and acts representing an exercise of actual control. *Producers Chem. Co. v. McKay*, 366 S.W.2d 220, 226 (Tex.1963); *Esquivel v. Mapelli Meat Packing Co.*, 932 S.W.2d 612, 614–15 (Tex.App.—San Antonio 1996, writ denied).

whether Tandem or Web had the right to control Alvarado when she was injured. Accordingly, an issue of fact exists as to which entity is Alvarado's employer for workers' compensation purposes.

■ Consequently, even though it is undisputed that Alvarado applied for, and received workers' compensation benefits from Tandem's insurance carrier following an award of the Texas Workers' Compensation Commission, the exclusive remedy provision does not as a matter of law preclude her recovering from Tandem at common law. *See Archem*, 804 S.W.2d at 270 (citing *Smith v. Otis Eng'g Corp.*, 670 S.W.2d 750, 752 (Tex.App.—Houston [1st Dist.] 1984, no writ)) ("[T]he payment of benefits to an employee on behalf of an employer does not entitle the employer to enjoy status of 'employer' under the workers' compensation act.").

■ Tandem counters that Alvarado's suit is barred because she made an "election of remedies" by applying for and accepting workers' compensation benefits. Election of remedies is an affirmative defense which must be specifically pleaded, and a general denial is not sufficient to raise such an affirmative defense. *France v. American Indem. Co.*, 648 S.W.2d 283, 285 (Tex.1983); *see also Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848, 851–52 (Tex.1980). The record shows that Tandem did not plead an election-of-remedies defense and did not assert the defense in any of its answers or motions for summary judgment.[2] Accordingly, Tandem has waived this defense. *See* TEX.R. CIV. P. 94; *Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933, 937 (Tex.1992) ("Generally, an affirmative defense is waived if it is not pleaded."); *cf. Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex.1991) (holding that a

summary judgment may be based on an unpleaded affirmative defense if it is asserted in the motion for summary judgment and the opposing party does not object to the lack of pleading).

## B. Co-employer Status

■ Tandem contends it is entitled to summary judgment because, even if it did not have the right to control Alvarado's work, it is Web's co-employer. "For workers' compensation insurance purposes, a *license holder* and the license holder's client company shall be co-employers." TEX.LAB.CODE ANN. § 91.042(c) (Vernon 1996) (emphasis added). Therefore, the Labor Code affords co-employer status to temporary labor agencies that are licensed. Because Tandem is not a license holder, it cannot be a co-employer under the Labor Code.

Tandem also relies on *Brown v. Aztec Rig Equipment, Inc.*, 921 S.W.2d 835 (Tex. App.—Houston [14th Dist.] 1996, no writ), to argue that it is a co-employer of Alvarado. The *Brown* court held that the staff leasing company and its client were both employers of the injured worker for workers' compensation purposes because "[t]he Client Service Agreements and [the employee's] employment agreements, presented as summary judgment proof, unequivocally [stated] Administaff and Aztec [were] co-employers for purposes of workers' compensation." *Id.* at 844. Unlike *Brown*, Tandem and Web had no written agreement between themselves, or with Alvarado, stating they were co-employers. Accordingly, *Brown* does not apply to this case, and Tandem and Web are not co-employers for workers' compensation purposes. Accordingly, the trial court erred

---

2. Tandem asserted the affirmative defense of the statutory bar under the Labor Code's exclusive remedy provision. *See* TEX.LAB.CODE ANN. § 408.001(a) (Vernon 1996). Tandem did not assert the "election of remedies" affirmative defense in any of its answers or motions for summary judgment.

by rendering judgment in Tandem's favor on the grounds of the Labor Code's exclusive remedy provision.

We sustain Alvarado's first point of error.

### No Evidence Motion

In her second point of error, Alvarado asserts the trial court erred by rendering judgment in Tandem's favor because there was some evidence that Tandem acted negligently and grossly negligently.

### A. Negligence

■■■■ In its second motion for summary judgment, Tandem argued there was no evidence to sustain Alvarado's negligence claim. "A plaintiff seeking to recover in negligence must prove that the defendant's breach of a legal duty proximately caused his damages." *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 498 (Tex. 1995). The existence of a duty is a threshold question of law. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). In the employment law context, an employer has a duty to use ordinary care in providing a safe work place for its employees. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex.1996). "A corporation has the non-delegable duty to provide rules and regulations for the safety of its employees, to furnish safe machinery and instrumentalities, to provide a safe place to work, and to select careful and competent fellow servants." *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 923–24 (Tex.1981).

■■■■ Tandem argues that, if it is not Alvarado's employer, it could not owe Alvarado a duty to provide her a safe workplace. We reject Tandem's argument because Tandem can be Alvarado's primary employer, even if it is not her employer for workers' compensation purposes under the Labor Code's exclusive remedy provision. The employee of the general employer may become the special employee or "borrowed servant" of another entity that is, in turn, the employer for workers' compensation purposes because it has the right to control the employee at the time of the employee's injury. *See Archem*, 804 S.W.2d at 269; *Esquivel v. Mapelli Meat Packing Co.*, 932 S.W.2d 612, 614 (Tex. App.—San Antonio 1996, writ denied).

Moreover, Alvarado has offered evidence that Tandem knew its temporary employers were operating machinery at Web, in violation of Tandem's policy. Alvarado also offered evidence that Tandem did not properly instruct her in operating the type of machine that caused her injury. Accordingly, Alvarado has raised an issue of fact whether Tandem breached the duty it owed her to provide her with safety training and a safe workplace.

Alvarado has offered evidence that Tandem's breach of its duty proximately caused the accident because her lack of training caused her to operate the machine incorrectly and place her hand in it. Tandem offers controverting evidence that Alvarado's injury was caused by a mechanical malfunction that was itself caused by the manufacturer's faulty maintenance and repair. Tandem also offers evidence that it instructed Alvarado not to operate machinery that needed repair. Reviewing the evidence, and construing every reasonable inference, in the light most favorable to Alvarado, there is a fact issue whether Tandem's breach of duty proximately caused Alvarado's damages.

Accordingly, the trial court erred by rendering judgment in Tandem's favor on Alvarado's negligence claim.

### B. Gross Negligence

■■■■ In its second motion for summary judgment, Tandem argued there was no evidence to sustain Alvarado's gross negligence claim. Gross negligence has two

elements: (1) viewed objectively from the actor's standpoint, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceeds in conscious indifference to the rights, safety, or welfare of others. *Mobil Oil Corp. v. Ellender,* 968 S.W.2d 917, 921 (Tex.1998); *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 23 (Tex. 1994).

■■■■■ Under the first element, "extreme risk" is not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff. *Moriel,* 879 S.W.2d at 22. Under the second element, "actual awareness" means the defendant knew about the peril, but its acts or omissions demonstrated that it did not care. *Id.*

■■■■ In this case, Alvarado has offered evidence that Tandem did not properly train her to operate machinery, and that it allowed her to operate such machinery in violation of its own internal policies. Furthermore, Alvarado infers that Tandem knew she was operating the machine incorrectly because she placed her hands inside the machine despite the warning on the machine's front.[3] Alvarado argues that Tandem did nothing, but allowed her to continue working in a dangerous environment.

The summary judgment proof does not support Alvarado's assertion that Tandem knew she was operating the machine incorrectly. Alvarado has offered no evidence showing that anyone from Tandem observed her placing her hands inside the machine in contravention of the warning. Consequently, there is no evidence that Tandem had actual or subjective aware-

ness of the risk to which Alvarado was exposing herself by operating the machine incorrectly. Therefore, Alvarado has not met the second prong of the "gross negligence" test. Accordingly, the trial court did not err by rendering judgment in Tandem's favor on Alvarado's gross negligence claim.

We sustain Alvarado's second point of error in regard to her negligence claim and overrule her second point of error in regard to her gross negligence claim.

### Conclusion

We affirm the judgment of the trial court in regard to Alvarado's gross negligence claim. We reverse the trial court's conclusive finding that Tandem was Alvarado's employer for workers' compensation purposes, reverse the judgment of the trial court in regard to Alvarado's negligence claim, and remand the cause.

TAFT, Justice, concurring.

I take the unusual, but not unprecedented, step of concurring with my own opinion. *See Land v. State,* 943 S.W.2d 144, 150 (Tex.App.—Houston [1st Dist.] 1997, no pet.) (Taft, J., concurring). I concur because, while bound by precedent, and with due deference to the courts that have taken on the same challenge before, I believe that applying the "right to control" test in this case is illogical and yields an unfair result.

Alvarado argues that the exclusive remedy provision does not prevent her from recovering against Tandem at common law because there is a fact issue whether Web, rather than Tandem, was her actual employer based on its control of the details of her work at the time of her injury. Alvarado contends she is entitled to seek dam-

---

**3.** The warning read: "Never place any part of your body under the RAM or within the die area." The warning was in English only, which Alvarado could not read.

ages for her injuries from Tandem under the common law, even though she was hired by Tandem and received workers' compensation benefits from Tandem. *See Archem Co. v. Austin Indus., Inc.*, 804 S.W.2d 268, 269 (Tex.App.—Houston [1st Dist.] 1991, no writ).

In *Archem*, the plaintiff, Ray Vallejo, sued Archem for negligence after sustaining injuries while working in Archem's premises. *Id.* at 269. Austin Industrial ("Austin"), a temporary labor supplier, provided Vallejo to Archem. *Id.* Austin claimed to be Vallejo's employer under the Labor Code, and thus to be immune from liability under the exclusive remedy doctrine, because, under its contract with Archem, Austin would provide workers' compensation benefits to Vallejo in the event of an accident. *Id.* Indeed, Austin argued there was uncontroverted evidence showing it provided workers' compensation benefits to Vallejo. *Id.* at 270. Austin moved for summary judgment, arguing it was Vallejo's employer for workers' compensation purposes for the above reasons. *Id.* The trial court rendered judgment for Austin, and this Court reversed. *Id.* at 271.

This Court began its analysis by stating that, when "one entity 'borrows' another's employee, workers' compensation law identifies one party as the 'employer' and treats all others as third parties." *Id.* at 269 (citing *Smith v. Otis Eng'g Corp.*, 670 S.W.2d 750, 751 (Tex.App.—Houston [1st Dist.] 1984, no writ)). The Court further noted that the Austin Archem contract did not address who had the "right to control" Vallejo's activities, and found an issue of fact existed as to who had the right to control Vallejo at the time of the accident. *Id.* at 270, 271. As a result, this Court reversed the summary judgment, and fur-

ther held that "[t]he payment of benefits to an employee on behalf of an employer does not entitle the employer to enjoy status of 'employer' under the workers' compensation act." *Id.* at 270. Relying on *Smith*, this Court added that, within the "borrowed servant" context, the party with the "right to control" the employee at the time of the injury is the "employer" for workers' compensation purposes. *Id.* at 269. Because *Archem* relied on *Smith*, I examine the analysis this Court employed in *Smith*.

In *Smith*, the plaintiff was employed by Stewart Well Service Company ("Stewart"), and was injured while unloading equipment from a truck owned by Otis Engineering Corporation ("Otis"). *Smith*, 670 S.W.2d at 751. The plaintiff accepted workers' compensation benefits from Otis, and also executed a release in conjunction with these benefits. *Id.* The plaintiff sued both Stewart and Otis for negligence. *Id.* The trial court granted a summary judgment in Otis's favor. *Id.* This Court reversed, stating that, even though "the plaintiff accepted [workers' compensation] benefits and executed a release in [Otis's] favor," Otis could not be deemed the plaintiff's employer as a matter of law because an issue of fact existed as to which entity had the right to control the plaintiff when he was injured. *Id.* at 752.[1]

The *Smith* Court justified its adherence to the "right to control" principle by stating, "the party that assumes primary responsibility for payment of workers' compensation benefits is not in every instance the workers' compensation employer, since that party's carrier can recoup those payments from the entity *actually liable*, i.e., the employer with *the right to control* the injured worker." *Smith*, 670 S.W.2d at

---

1. We note that, unlike Tandem in this case, Otis was not the plaintiff's primary employer, nor was it solely responsible for hiring, screening, and paying the plaintiff's taxes. *See Smith*, 670 S.W.2d at 751.

751 (citing *Associated Indem. Co. v. Hartford Accident & Indem. Co.*, 524 S.W.2d 373, 376 (Tex.Civ.App.—Dallas 1975, no writ)) (emphases added).

In other words, *Smith* holds, without explanation, that the entity with the right to control the employee is, ipso facto, the injured employee's employer for workers' compensation purposes. It is true that the carrier of the employer for workers' compensation purposes can recoup the benefits it paid from the employer who is liable under the common law; the question is what set of criteria to use to determine which entity is shielded from and which remains exposed to common law liability under the workers' compensation scheme. I disagree with using the "right to control" test, a tool traditionally used to impose liability on employers, to shield employers from common-law liability in the workers' compensation context, an essentially no-fault scheme that seeks to protect subscribing employers who pay benefits to their injured employees. *See* Tex. Lab. Code Ann. § 408.001(a) (Vernon 1996).

Furthermore, *Smith* predicated its holding on a statute that has since been repealed, section 6a of article 8307 of the Texas Revised Statutes (the workers' compensation statute in effect at the time), stating, "the employer is entitled to be subrogated to any recovery by the employee up to the amount of its workers' compensation payments to that employee."

*See Smith*, 670 S.W.2d at 751 (citing Act of May 10, 1973, 63rd Leg., R.S., ch. 88, § 10, sec. 6a, 1973 Tex. Gen. Laws 187, 193–94, *repealed by* Act of Dec. 11, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(10), 1989 Tex.Gen. Laws 1, 114). Because the statute that gave *Smith* its underlying rationale has been repealed, the present validity and applicability of *Smith*'s holding is undermined.

Moreover, *Smith*'s introduction of the "right of control" test in the workers' compensation context is problematic for additional reasons. First, *Smith*'s reliance on *Hartford* for the proposition that the employer with the "right to control" is the employer for workers' compensation purposes is misplaced. The *Hartford* court did not hold that the entity having the right to control the worker was the only employer for workers' compensation purposes. To the contrary, the court expressly stated it did not have to decide whether to "reject the dual-employment theory and apply the right-of-control test [because] no right to a subrogation recovery [had] been established." *Hartford*, 524 S.W.2d at 376. Accordingly, it was *Smith*, rather than *Hartford*, that first used the "right to control" test to determine the employer for workers' compensation cases.[2]

Importantly, Texas courts have recognized that the workers' compensation scheme benefits both employees and employers:

**2.** Neither *Smith* nor *Hartford* applied the modern "exclusive remedies" statute. The current version of section 408.001(a) was enacted in 1993. *See* Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 1130, 1175 (this version was substantially similar to the one enacted in 1989, *see* Act of Dec. 11, 1989, 71st Leg., 2nd C.S., ch. 1, § 4.01, 1989 Tex. Gen. Laws 1, 32). The clear mandate of section 408.001(a), barring an injured employee who receives workers' compensation benefits from suing her employer under the common law, differs from

the "exclusive remedy" provision in effect when *Smith* was decided, which stated that "[t]he employees of a subscriber ... shall have no right of action against their employer ... for damages for personal injuries ... but such employees and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for." Act of May 6, 1983, 68th Leg., R.S., ch.131, 1983 Tex.Gen.Laws 613, 613 (amended 1993) (current version at Tex. Lab.Code Ann. § 408.001(a) (Vernon 1996)).

The workers' compensation act was adopted to provide prompt remuneration to employees who sustain injuries in the course and scope of their employment ... The act relieves employees of the burden of proving their employer's negligence, and instead provides timely compensation for injuries sustained on-the-job ... In exchange for this prompt recovery, the act prohibits an employee from seeking common-law remedies from his employer, as well as his employer's agents, servants, and employees, for personal injuries sustained in the course and scope of his employment.

*Hughes Wood Prod., Inc. v. Wagner,* 18 S.W.3d 202, 206–07 (Tex.2000). Texas has an interest in maintaining a stable workers' compensation system that binds employers and employees. *Id.; Larchmont Farms, Inc. v. Parra,* 941 S.W.2d 93, 95 (Tex.1997).

The dispositions of *Smith* and *Archem* run counter to the policy behind the existence of the workers' compensation scheme because they make an employer who has subscribed to, and paid benefits to an injured employee, in exchange for protection from liability under the common law, subject to the type of liability the scheme sought to avoid. This is an unfair construction because it deprives the employer from its purported benefit (protection from common law liability) even though the employer has not been relieved of its burden, namely, subscribing to and paying for workers' compensation. *Cf. Richmond v. L.D. Brinkman & Co. (Texas) Inc.,* 36 S.W.3d 903, 907 (Tex.App.—Dallas 2001, pet. denied) (stating that court should not construe statute in way

that leads to foolish or absurd consequences but we presume the legislature intended a just and reasonable result).

For these reasons, I reluctantly follow the rule we articulated in *Smith* and *Archem.* If I were writing on a clean slate, however, I would decide this case by adopting the holding of *Texas Industrial Contractors, Inc. v. Ammean,* 18 S.W.3d 828 (Tex.App.—Beaumont 2000, pet. filed) that,

> [when], however, a worker is hired by one company that has contracted to do work for another, that company has a workers' compensation policy, and the worker receives benefits under that policy following an award by the Texas Workers' Compensation Commission, the worker's common law claim against that company is barred by the [Labor Code's] exclusive remedy provision, even if control over the details of the work is in the hands of the other company with which that company has contracted.

*Id.* at 831;[3] *Chapa v. Koch Refining Co.,* 985 S.W.2d 158, 161 (Tex.App.—Corpus Christi 1998), *rev'd on other grounds,* 11 S.W.3d 153 (Tex.1999). This result gives effect to the policy behind the workers' compensation statute, which deprives the injured employee of a subscriber of many common law rights in return for prompt compensation benefits and medical treatment. *See Arnold v. Renken & Kuentz Transp. Co.,* 936 S.W.2d 57, 58 (Tex. App.—San Antonio 1996, no writ). Accordingly, I believe that applying the above holding to this case would yield a

---

**3.** Ammean suffered an injury while working on the premises of Bayer Corp. *Ammean,* 18 S.W.3d at 830. Ammean had been hired by Texas Contractors, a firm that was under contract with Bayer to act as an independent contractor doing work on Bayer premises. *Id.* at 831. Even though Texas Contractors

was not a temporary labor agency, Ammean was a "borrowed servant" who, like Alvarado here, applied for and received workers' compensation benefits from his primary employer. *See id.* Accordingly, *Ammean*'s holding applies equally well to this case.

fairer result and comport with legislative intent.