COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NO. 
2-02-395-CV

UNITED STATES FIRE INSURANCE COMPANY                          APPELLANT 
 
V.
 
WILLIAM J. ALSUP                                                                   APPELLEE 
 
------------
 
FROM THE 
48TH DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
OPINION
 
------------
        In this workers’ compensation case, Appellant United States Fire 
Insurance Company (“U.S. Fire”) appeals from the trial court’s order granting 
summary judgment to Appellee William J. Alsup. We affirm. 
Factual and Procedural Background
        Dedicated Logistics Services (“DLS”) is an employee leasing company. 
U.S. Fire is the workers’ compensation insurance carrier for DLS. William Alsup 
was employed as a truck driver by DLS and assigned to work for Mackie 
Automotive Systems (“Mackie”). Alsup contends that on February 19, 1999, 
he sustained a back injury while working for Mackie when he tripped over a bolt 
and fell at work. Shortly after the alleged accident, Alsup sought medical 
attention and later filed a workers’ compensation claim for injuries sustained in 
the accident. Although the medical records before May 1999 do not mention 
that Alsup’s injury resulted from tripping over a bolt at work, Alsup’s “Patient 
Information Form” from his treating physician’s office indicates that his initial 
visit was on February 22, 1999, and that he thought he might have been 
injured.
        While DLS claims that it was not notified until May 7, 1999, Alsup 
asserts that within thirty days of the accident he notified both Mackie and DLS 
that he was injured at work. Aimee Wilson, a Mackie employee, provided a 
sworn affidavit stating that she was aware of Alsup’s injury within thirty days 
after it occurred and that she reported Alsup’s injury to her supervisor and the 
Production/Quality Manager for Mackie. Wilson further attests that on several 
occasions she participated in conversations wherein Alsup and the Production 
Senior Supervisor for Mackie discussed Alsup’s injury. Although Wilson was 
not Alsup’s supervisor at the time of the accident, she was promoted within 
thirty days of the accident. After her promotion, Wilson directly supervised 
Alsup and controlled the details of his daily work. 
        U.S. Fire disputed Alsup’s workers’ compensation claim, and the matter 
was tried before a hearing officer at the Texas Workers’ Compensation 
Commission (“TWCC”). The hearing officer found in favor of Alsup, and U.S. 
Fire was ordered to pay benefits. After the TWCC appeals panel affirmed the 
hearing officers’ decision and order, U.S. Fire sought judicial review in district 
court based on two issues. First, U.S. Fire disputed the determination that an 
injury occurred in the course and scope of employment. Second, U.S. Fire 
asserted that the alleged injury was not reported within thirty days as required 
by the Texas Workers’ Compensation Act (“TWCA”). Because U.S. Fire 
appealed from the appeals panel's findings, it had the burden to prove by a 
preponderance of the evidence that Alsup did not suffer a compensable injury 
on February 19, 1999, and did not notify his employer within thirty days of the 
alleged accident. See Tex. Lab. Code Ann. § 410.303 (Vernon 1996). 
        Alsup moved for summary judgment arguing that there were no justiciable 
issues of fact to be resolved by a trier of fact and that he was entitled to 
judgment as a matter of law. The trial court granted summary judgment. U.S. 
Fire appeals from the trial court’s order granting summary judgment to Alsup, 
reasserting that material questions of fact exist as to whether there was an 
injury within the course and scope of employment and whether Alsup timely 
reported his alleged injury to his employer. 
Standard of Review
        In a summary judgment case, the issue on appeal is whether the movant 
met his summary judgment burden by establishing that no genuine issue of 
material fact exists and that the movant is entitled to judgment as a matter of 
law. Tex. R. Civ. P. 166a(c); S.W. Elec. Power Co. v. Grant, 73 S.W.3d 211, 
215 (Tex. 2002); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 
678 (Tex. 1979). The burden of proof is on the movant, and all doubts about 
the existence of a genuine issue of material fact are resolved against the 
movant. S.W. Elec. Power Co., 73 S.W.3d at 215; Rhone-Poulenc, Inc. v. 
Steel, 997 S.W.2d 217, 223 (Tex. 1999); Great Am. Reserve Ins. Co. v. San 
Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). Therefore, we 
must view the evidence and its reasonable inferences in the light most favorable 
to the nonmovant. Great Am., 391 S.W.2d at 47. 
        In deciding whether there is a material fact issue precluding summary 
judgment, all conflicts in the evidence are disregarded and the evidence 
favorable to the nonmovant is accepted as true. Rhone-Poulenc, 997 S.W.2d 
at 223; Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 
1995). Evidence that favors the movant's position will not be considered 
unless it is uncontroverted. Great Am., 391 S.W.2d at 47. The summary 
judgment will be affirmed only if the record establishes that the movant has 
conclusively proved all essential elements of the movant's cause of action or 
defense as a matter of law. Clear Creek Basin, 589 S.W.2d at 678. Summary 
judgment may be based on the movant’s uncontroverted evidence “if the 
evidence is clear, positive, direct, otherwise credible, free from contradictions 
and inconsistencies, and could have been readily controverted.” Republic Nat’l 
Leasing Corp. v. Schindler, 717 S.W.2d 606, 607 (Tex. 1986). 
Discussion
Timely Reporting
        This case turns on the interpretation of section 409.001 of the TWCA, 
which states: 
(a) An employee or a person acting on the employee’s behalf shall
notify the employer of the employee of an injury not later than the
30th day after the date on which: 
 
(1) the injury occurs; or 
 
(2) if the injury is an occupational disease, the employee 
knew or should have known that the injury may be related to 
the employment. 
 
(b) The notice required under Subsection (a) may be given to: 
 
(1) the employer; or 
 
(2) an employee of the employer who holds a 
supervisory or management position. 

Tex. Lab. Code Ann. § 409.001. 

        U.S. Fire maintains that Alsup did not satisfy the notification requirement 
of section 409.001 because he failed to notify DLS of his injury within thirty 
days of the alleged incident. U.S. Fire denies that notification to Mackie 
satisfies the notice conditions set forth in the TWCA because Mackie does not 
qualify as an employer under the TWCA. Consequently, whether Alsup met the 
notification requirement is determined by whether Mackie is an employer as 
defined by Texas workers’ compensation law. 
        Alsup maintains that the term “employer” as it applies in the workers’ 
compensation context should be defined by the common law “right of control” 
test. Garza v. Excel Logistics, Inc., 100 S.W.3d 280, 283-84 (Tex. 
App.—Houston [1st Dist.] 2002, no pet.). The right of control test applies in 
both a borrowed-servant situation and a dual employer situation. Id. at 284. 
Neither party disputes that Mackie had direct control over the details of Alsup’s 
work. Thus, under the right of control test, Mackie qualifies as an employer 
under Texas workers’ compensation law. 
        Conversely, U.S. Fire asserts that the definition of employer under the 
TWCA controls and urges the court to disregard the right of control test. 
Section 401.011(18) of the TWCA states that “‘[e]mployer’ means, unless 
otherwise specified, a person who makes a contract of hire, employs one or 
more employees, and has workers’ compensation insurance coverage.” Tex. 
Lab. Code Ann. § 401.011(18) (Vernon Supp. 2003). 
        The crux of U.S. Fire’s argument is that although Alsup informed Mackie 
of his injury within thirty days of the alleged accident, he did not meet the 
notification requirements of the TWCA because his employer is DLS and not 
Mackie. U.S. Fire relies on Archem Company v. Austin Industrial Inc., to assert 
that there can only be one employer in the application of workers’ 
compensation law. 804 S.W.2d 268, 269 (Tex. App.—Houston [1st Dist.] 
1991, no writ) (op. on reh’g). Under Archem, only one party is the employer 
and all other parties are treated as third parties. Id. U.S. Fire argues that 
because Alsup concedes that DLS is his employer, Alsup cannot now claim that 
Mackie is his employer or, in the alternative, that DLS and Mackie both qualify 
as employers. 
        The Texas Supreme Court, however, recently disapproved Archem and 
the line of cases that follow its reasoning, stating that the purpose of the 
TWCA is frustrated when there can only be one employer for workers’ 
compensation purposes. Wingfoot Enters. v. Alvarado, 111 S.W.3d 134, 149 
(Tex. 2003). The court reasoned that the purposes of the TWCA are best 
served by a definition of employer that may, at times, encompass more than 
one employer. Id. at 142. As Justice Owen pointed out for the majority: 
An employee injured while working under the direct supervision of
a client company is conducting the business of both the general
employer and that employer’s client. The employee should be able
to pursue workers’ compensation benefits from either. . . . Further,
an employee should not be placed in the position of trying to
determine, perhaps at his or her peril, which of two entities was his
or her employer on any given day or at any given moment during
a day.

Id. at 143.
        In Wingfoot, the supreme court decided whether a general employer that 
provides workers’ compensation coverage can rely on the exclusive remedy 
provision of the TWCA when the employee was injured while working under the 
course and scope of the special employer. Id. at 137-38. Although the 
supreme court was addressing the TWCA’s exclusive remedy provision rather 
than the its notification provision, the court’s analysis applies to the case at 
hand. In both instances, the primary issue rests on the definition of employer 
under the TWCA, specifically whether the TWCA’s definition of employer may 
encompass both a general and special employer. The supreme court 
determined that there was nothing in the TWCA’s definition of employer that 
expressly precluded more than one entity from falling within the its definition 
of employer. Id. at 139-40. Recognizing the purposes of the TWCA and 
expressing an intent to promote its overall intent to protect workers, the court 
determined that, “the [TWCA’s] decided bias in favor of employers electing to 
provide coverage for their employees supports our conclusion that the [TWCA] 
permits more than one employer for workers’ compensation purposes.” Id. at 
140. 
        Alsup was employed by DLS, which assigned Alsup to work at Mackie. 
In situations such as this, the company that assigns the employee is termed the 
“general employer” while the second company is referred to as the “special 
employer.” Rodriguez v. Martin Landscape Mgmt. Inc., 882 S.W.2d 602, 604 
(Tex. App.—Houston [1st Dist.] 1994, no writ). As such, DLS was the general 
employer and Mackie was the special employer. The question at hand is 
whether the general employer, the special employer, or both qualify as an 
employer under the TWCA. 
        In light of the supreme court’s decision in Wingfoot, both DLS and Mackie 
may be Alsup’s employer in the context of workers’ compensation law. Thus, 
Alsup is not precluded from protection under the TWCA simply because he 
admits that DLS is his employer. Because Texas now recognizes multiple 
employers in the workers’ compensation setting and U.S. Fire does not dispute 
that Alsup timely informed his supervisor at Mackie, we hold that there is no 
material issue of fact as to whether Alsup complied with the notice
requirements under the TWCA.
 
Injury In The Course And Scope Of Employment 
        U.S. Fire also contends that summary judgment was improper because 
there was a material issue of fact as to whether Alsup suffered an injury within 
the course and scope of employment. U.S. Fire argues that the evidence does 
not support Alsup’s claims that the injury occurred at work because Alsup’s 
medical records do not mention a tripping incident until a physician’s report 
dated May 19, 1999. This alone, however, does not create a fact issue where 
U.S. Fire offers no evidence to controvert either the medical records or Alsup’s 
sworn statement that he was injured while working in the course and scope of 
his employment. While the physician’s notes do not mention how the injury 
occurred until May 19, 1999, Alsup’s medical records reveal that his initial visit
for the injury to his back was within days of the alleged accident. At Alsup’s
initial visit, he filled out a Patient Information Form indicating that he thought
he may have been injured. In addition, the physician’s note on May 19, which
mentions how Alsup was injured, also indicates that he was treating Alsup on
one of several follow-up visits for the initial visit on February 22, 1999. U.S.
Fire relies on the fact that Alsup’s treating physician did not record the cause
of Alsup’s injury until May 19, 1999, but provides nothing to actually contradict
the occurrence of the injury. 
        U.S. Fire also disclaims that Alsup’s injury occurred within the course and 
scope of employment because Alsup’s named eye witness, Edward Kennedy, 
provided a sworn statement that he did not, in fact, witness the tripping 
incident. Kennedy does not claim in his statement that the accident did not 
occur; he only claims that he did not witness the event. Again, U.S. Fire seeks 
to create a fact issue based on the absence of evidence without generating 
evidence to the contrary. 
        That Kennedy did not witness the accident and that the cause of Alsup’s 
injury is not mentioned in the early notes of the treating physician is incidental 
to the issue at hand and fails to contradict the evidence provided by Alsup. 
Because there is no controverting evidence showing the injury did not occur, 
we hold that the trial court properly granted summary judgment regarding 
whether Alsup was injured in the course and scope of his employment. 
Conclusion
        Having overruled Appellant’s sole issue, we affirm the trial court’s 
judgment. 
                                                                  DIXON W. HOLMAN 
                                                                  JUSTICE
 
PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ. 
 
DELIVERED: September 25, 2003