**TWIN CITY FIRE INSURANCE COMPANY, Appellant,**

v.

**Bernard DODD, Appellee.**

No. 894.

Court of Civil Appeals of Texas, Tyler.

March 25, 1976.

Rehearing Denied April 15, 1976.

William Drew Perkins, Lufkin, for appellant.

Larry Daves, Tyler, for appellee.

DUNAGAN, Chief Justice.

This is a workmen's compensation case. This suit was instituted by Bernard Dodd in the District Court of Nacogdoches County, Texas, against Twin City Fire Insurance Company and Texas Farm Products Company for an accidental injury received in the course and scope of his employment as an employee of the Lone Star Phosphate Company or a special or borrowed employee of Texas Farm Products Company. It is alleged that Bernard Dodd, while working on the job and at the premises of the Texas Farm Products Company, sustained serious injuries to his back, legs and body in general; further, that such injuries were a producing cause of total and permanent incapacity of the employee Dodd.

Based upon the verdict of the jury the trial court rendered judgment for the appellee, Bernard Dodd, and against the appellant, Twin City Fire Insurance Company, in the sum of $10,203.67. It is from this judgment that appellant has appealed to this court.

For convenience, Texas Farm Products Company will hereinafter be referred to as "Texas Farm" and Lone Star Phosphate Company as "Lone Star."

This case involves a determination of whether Lone Star, insured by appellant, Twin City Fire Insurance Company, or Texas Farm, a nonsubscriber to the Workmen's Compensation Act, was the employer of appellee at the time of his injury. The jury found that Dodd was employed by Lone Star and that he had not been loaned to Texas Farm on the occasion in question. Appellant attacks the legal and factual suf-

ficiency of the evidence to support the findings of the jury in response to special issues one, two and three.[1] In deciding whether there is evidence to support the findings of the jury, here complained of, we view the evidence in its most favorable light in support of such findings, and look to the entire record in passing upon the insufficiency of the evidence and great weight and preponderance of the evidence points. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Lone Star and Texas Farm are located on adjacent lots in Nacogdoches. They have common, although not identical, owners, directors and officers. Dodd was normally an employee of Lone Star but occasionally worked at Texas Farm. Dodd's contract was with Lone Star. When he worked on premises owned by Texas Farm he marked his time cards indicating that he was employed by Lone Star. On occasions Dodd would work at Texas Farm's manufacturing plant or feed mill, but he would continue to receive his payroll check from Lone Star. Texas Farm, however, would reimburse Lone Star for wages Dodd earned when working at Texas Farm. Apparently this was done to simplify the bookkeeping.

On the day of his injury, Dodd began work at Lone Star and was later taken by Jerry McShan to the fertilizer plant of Texas Farm to remove some phosphate, where he was injured. The injury occurred while he was operating a payloader under the supervision of Jerry McShan.

Appellant argues that Dodd was injured when he was on the premises and under the supervision of Texas Farm and that Dodd's wages, medical expenses and some compensation were paid by Texas Farm. Appel-

lant concludes that there was no evidence or insufficient evidence to support the jury's findings.

Dodd argues that the evidence was sufficient because he was under the supervision of, had contracted with, and was on the payroll of Lone Star. Dodd also contends that Lone Star was a subsidiary of Texas Farm.

The crucial question in this case is whether at the time of his injury Dodd was working in the course of his employment for his general employer, Lone Star, or whether at such time he was a borrowed employee of Texas Farm.

As additional facts to those above stated, the evidence shows that Lone Star operates a phosphate plant. Texas Farm, at its plant here involved, makes fertilizer. It buys phosphate from Lone Star. Phosphate is only one of the ingredients it uses to make fertilizer. Dodd was a general employee of Lone Star. However, Dodd, on occasions, worked at Texas Farm's fertilizer plant. On each of these occasions he knew he was working for Texas Farm. Dodd testified that at the time of his injury he knew he was working for Texas Farm; that Texas Farm had borrowed him; that he was borrowed by Jerry McShan and Clarence Riddle. The evidence shows that Riddle, McShan's father-in-law, was employed by Texas Farm in some capacity. Dodd also testified that at the time of his injury McShan was his supervisor and directed him what to do and how to do it. Mr. McShan testified that on the day Dodd was injured he (McShan) was employed by Texas Farm. Mr. Dement Beard, who at the time of the injury was Texas Farm's personnel director, also testified that at the

---

1. "ISSUE NO. 1: Do you find from a preponderance of the evidence that at the time of receiving such injury plaintiff was an employee of Lone Star Phosphate Company?

    (definition of the word 'Employee')

"Answer: 'We do' or 'We do not.'

"Answer: 'We do.'

"ISSUE NO. 2: Do you find from a preponderance of the evidence that at the time Bernard Dodd was injured he was an employee loaned to Texas Farm Products Company?

    (definition of 'loaned employee')

"Answer: 'We do' or 'We do not.'

"Answer: 'We do not.'

"ISSUE NO. 3: Do you find from a preponderance of the evidence that such injury was sustained in the course of employment, if any, with plaintiff's employer Lone Star Phosphate Company?

(definition of 'sustained in the course of employment')

"Answer: 'We do' or 'We do not.'

"Answer: "We do.'"

time in question McShan was employed by Texas Farm. This testimony was undisputed except for the testimony of appellee, Bernard Dodd, that on the day of the accident Jerry McShan was working for Lone Star and he assumed that he was paid by Lone Star. Such testimony by Dodd was merely a conclusion on his part and had no probative force even though it was not objected to. His testimony that he was on Lone Star's time while doing work for Texas Farm at the time of the accident, and he so marked his time card, was also his conclusion. *F. B. McIntire Equipment Company v. Henderson,* 472 S.W.2d 566, 576 (Tex. Civ.App.-Fort Worth 1971, writ ref'd n. r. e.); *Bradford v. Magnolia Pipe Line Co.,* 262 S.W.2d 242, 247–48 (Tex.Civ.App.-Eastland 1953, n. w. h.); *Latta v. Texas Employers' Ins. Ass'n.,* 243 S.W.2d 949, 951 (Tex. Civ.App.-Austin 1951, writ ref'd n. r. e.); *Casualty Underwriters v. Rhone,* 134 Tex. 50, 132 S.W.2d 97, 99 (1939); *Webb v. Reynolds,* 207 S.W. 914, 916 (Tex.Comm.App. 1919, jdgmt. adopted). The evidence shows that during a four-week period, which included the day of the accident in question, McShan was paid by Texas Farm.

■ The only factor which might indicate that Dodd was an employee of Lone Star is the fact he was carried on the payroll of Lone Star. This is not a controlling factor. *Employers Casualty Company v. American Employers Insurance Company,* 397 S.W.2d 292, 296 (Tex.Civ.App.-Amarillo 1965, writ ref'd n. r. e.); and *Magnolia Petroleum Co. v. Francis,* 169 S.W.2d 286 (Tex.Civ.App.-Beaumont 1943, writ ref'd).

It is undisputed, by any legal and competent evidence, that Texas Farm had the right or power to control and direct Dodd in the performance of the details of the work that he was performing at the very time in question; that at the time of his injury he was performing services solely for, and on the premises of, Texas Farm; that Dodd knew he was working for Texas Farm; and that Texas Farm paid Dodd's medical bills and voluntary compensation until the doctor indicated that he was able to return to work. There is no evidence that Dodd was

sent by Lone Star to perform any service for Texas Farm at the time of his injury or that he was performing any work or services on the occasion in question for Lone Star. Dodd himself testified that McShan came down to where he was working for Lone Star and told him, "that he (McShan) and Mr. Riddle wanted us to (go) back up to Texas Farm and move some potash and asked me would I do it, and I told him yes."

■ Whether, in respect of a particular act, a servant in the general employment of one person, who has been loaned to another, is the servant of the original employer or of the person to whom he has been loaned, is usually determined by deciding who has the right or power to control and direct the servant in the performance of the details of his work at the very time in question. *F. B. McIntire Equipment Co. v. Henderson,* supra; *J. A. Robinson Sons, Inc. v. Wigart,* 431 S.W.2d 327 (Tex.1968); *Employers Casualty Company v. American Employers Insurance Company,* supra; *Producers Chemical Co. v. McKay,* 366 S.W.2d 220, 225 (Tex. 1963); *Hilgenberg v. Elam,* 145 Tex. 437, 198 S.W.2d 94 (1946); *Shannon v. Western Indemnity Co.,* 257 S.W. 522 (Tex.Comm. App.1924, jdgmt. adopted).

■ Whether an employee, borrowed from another, was doing something within the normal scope of business of the general employer, or of such special employer, is an important factor in determining which of such employers is liable for resulting injury. *Hilgenberg v. Elam,* supra.

Dodd's own testimony brings him within the rule of law enunciated in *Mercury Life and Health Company v. DeLeon,* 314 S.W.2d 402, 405 (Tex.Civ.App.-Eastland 1958, writ ref'd n. r. e.) "that in order to establish an employer-employee relationship between an employee and a borrowing employer that the employee must know or be charged with knowledge of the lending agreement."

■ When these rules of law are applied to the undisputed facts of this case, it is apparent to us that the appellee Dodd, as a matter of law, at the time of injury, was an employee borrowed by Texas Farm. There-

fore, the findings of the jury in response to special issues one, two and three are not supported by any evidence of probative force. We sustain appellant's "no evidence" points of error.

We have not discussed appellant's points relating to the insufficiency of the evidence to support the jury's answers to Special Issues Nos. 1, 2 and 3 but if these points should be reached, we would hold that the evidence is insufficient to support such answers.

■ We notice that Texas Farm was also named as a party defendant. Dodd alleged that he was "entitled to general common law damages" from Texas Farm. No special issues were submitted to the jury on this phase of the case. There is no mention in the judgment of defendant Texas Farm and no disposition is made therein of the cause of action against it. It appears from the record that the judgment herein was rendered and entered in a case regularly set for conventional trial on the merits and no order for separate trial of issues was entered pursuant to Rule 174, T.R.C.P.; therefore, it will be presumed for appeal purposes that the trial court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties. *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex.1966).

The judgment of the trial court is reversed and judgment is here rendered that appellee, Bernard Dodd, take nothing by his cause of action against appellant, Twin City Fire Insurance Company.