Francisco GUERRERO, Appellant,

v.

**STANDARD ALLOYS MANUFACTURING COMPANY, Appellee.**

**No. 8114.**

Court of Civil Appeals of Texas, Beaumont.

April 27, 1978.

Rehearing Denied May 18, 1978.

Gerald Eddins, Port Arthur, for appellant.

James L. Weber, Beaumont, for appellee.

DIES, Chief Justice.

Francisco Guerrero, plaintiff below, received hand injuries while operating a machine owned by Standard Alloys Manufacturing Company, defendant below. He first settled a workers' compensation claim with the insurer of Golden Triangle Janitorial Service before suing defendant below in a third party negligence suit. Defendant below was given a summary judgment from which plaintiff below perfects this appeal. The parties in this opinion will be referred to as they were below.

A defendant moving for summary judgment assumes a negative burden of showing as a matter of law that the plaintiff had no cause of action against the defendant and that no material fact issues remain. *Citizens First National Bank of Tyler v. Cinco Exploration Co.*, 540 S.W.2d 292, 294 (Tex.1976); *Neigut v. McFadden*, 257 S.W.2d 864, 868 (Tex.Civ.App.—El Paso 1953, writ ref'd n.r.e.). We must review the evidence in the light most favorable to the party opposing the motion for summary judgment. *Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557, 562 (1962). We must accept as true all evidence of the party opposing the motion which tends to support his contentions. All doubts are to be resolved against the movant. *Womack v. Allstate Insurance Company*, 156 Tex. 467, 296 S.W.2d 233, 235 (1956). See *Governing Board v. Pannill*, 561 S.W.2d 517 (Tex.Civ. App.—Texarkana 1977, no writ).

The sole owner of Golden Triangle Janitorial Service is Joe Gutierrez who, by affidavit, asserted he was in the business of supplying contract labor; that he had an oral contract with defendant to supply laborers. Defendant pays Gutierrez the hourly wage of all laborers supplied plus thirty percent (30%). Golden Triangle then pays the men (such as plaintiff), the social security and workers' compensation insurance premiums, and withholds taxes. Gutierrez contends the men he supplied defendant, including plaintiff, worked under the direct supervision and control of defendant, and that Golden Triangle Janitorial Service did not direct plaintiff in doing his work.

Defendant cites us *Producers Chemical Company v. McKay*, 366 S.W.2d 220, 226 (Tex.1963), that "[w]hen a contract, written or oral, between two employers expressly provides that one or the other shall have right of control, solution of the question is relatively simple."

However, in order to establish an employer-employee relationship between an employee and a borrowing employer, the employee must know or be charged with knowledge of the lending agreement. *Mercury Life and Health Company v. De Leon*, 314 S.W.2d 402, 405 (Tex.Civ.App.—Eastland 1958, writ ref'd n.r.e.); *Twin City Fire Ins. Co. v. Dodd*, 535 S.W.2d 416, 419 (Tex. Civ.App.—Tyler 1976), reversed and remanded 545 S.W.2d 766 (Tex.1977). No such showing appears here; in fact, the opposite appears. The right of control is ordinarily a question of fact. *Sparger v. Worley Hospital, Inc.*, 547 S.W.2d 582, 583 (Tex.1977).

Plaintiff's affidavit contends he speaks no English, and his supervisors at defendant's plant speak no Spanish; that Gutierrez "always told us that we were working for him;" that Gutierrez would "stop by work several times a week to check on us and tell us what we were doing wrong and what to do to work faster and better. . . . In fact, on the day of the accident, Mr. Gutierrez was present at the job site and just the day before had had a meeting with us after work to tell us where we had messed up and how we could improve."

Furthermore, Gutierrez's affidavit said, "In compliance with my agreement with Standard Alloys [defendant], a claim was turned into the Travelers Insurance Company with which I had taken out workmen's compensation insurance on Francisco Guerrero [plaintiff], and the claim was handled under that coverage." If defendant made such an agreement, it knew in making such a claim, plaintiff had to contend that his employer was Golden Triangle Janitorial Services. We believe a genuine issue of fact exists and reverse the order of the trial court's granting the summary judgment, and we remand the cause for trial.

REVERSED and REMANDED.