**Michael DENISON, Appellant,**

v.

**HAEBER ROOFING CO., Appellee.**

**No. 13–88–180–CV.**

Court of Appeals of Texas,
Corpus Christi.

March 9, 1989.

David M. Butler, Corpus Christi, for appellant.

Montgomery J. English, Carlos Villarreal, Hunt, Hermansen, McKibben & Barger, Corpus Christi, for appellee.

Before SEERDEN, UTTER and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

Appellant, a temporary worker who appellee hired from a temporary employment agency, sued appellee for alleged negligence resulting in appellant's falling through a roof and sustaining serious injuries. Insurance Company of North America filed a petition in intervention, alleging that it paid appellant worker's compensation and was entitled to reimbursement from appellee. [The trial court granted summary judgment for appellee on March

14, 1988. Appellant filed a motion to clarify the judgment on April 20, 1988, pointing out that since the judgment did not dispose of the intervenor's claim, it was not final and appealable. *See Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985).] On April 28, 1988, the court signed an order granting appellee summary judgment and dismissing appellant's and the intervenor's causes of action with prejudice. The intervenor has not appealed. We affirm the trial court's judgment.

The burden is on the movant to show entitlement to judgment as a matter of law. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986). A defendant moving for summary judgment assumes the burden of showing as a matter of law that the plaintiff has no cause of action against him. *Citizens First National Bank v. Cinco Exploration Co.,* 540 S.W.2d 292, 294 (Tex. 1976). The defendant must show that an essential element of the plaintiff's cause does not exist, or he must establish his affirmative defense as a matter of law. *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 537 (Tex.1975). However, the nonmovant must expressly present to the trial court its reasons to avoid the movant's entitlement, and he must present summary judgment proof when necessary to establish a fact issue. *Westland Oil Development Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 907 (Tex.1982); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). Bringing fact issues to the attention of the trial court is a predicate to relying on those issues on appeal as grounds for reversal. *Miller v. Soliz,* 648 S.W.2d 734, 737–38 (Tex.App.— Corpus Christi 1983, no writ).

In deciding whether a disputed material fact issue precludes summary judgment, every reasonable inference is indulged in favor of the nonmovant. *Wilcox v. St. Mary's University,* 531 S.W.2d 589, 593 (Tex.1975). However, the nonmovant must present competent summary judgment proof to establish a question of material fact. Pleadings do not constitute summary judgment proof and, independent of the pleadings, the summary judgment proof must be in the form of admissions, affidavits, depositions and the like. *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540, 545 (Tex.1971); *Shouse v. Annuity Board,* 663 S.W.2d 163, 164 (Tex.App.—Corpus Christi 1983, no writ).

Appellee's motion for summary judgment asserts that appellee was its "borrowed servant," that it is a workers compensation subscriber, and that, therefore, it is not liable to appellee, citing *Process Engineering Co. v. Rosson,* 287 S.W.2d 511, 512–13 (Tex.Civ.App.—Galveston 1956, no writ). Attached to the motion was the affidavit of appellee's president, stating that appellant was, at all times in question, under the direction and control of its foreman, that it supplied all tools and equipment, and that it was a subscriber under Texas workers compensation laws. After appellant's response, appellee supplemented his summary judgment motion, attaching portions of appellant's deposition relating to the borrowed servant issue and an additional affidavit of appellee's president stating that there was no written contract between appellee and the temporary employment agency.

By two points of error, appellant claims to have raised a fact issue on whether appellant was appellee's "borrowed servant." By point one, he asserts that he showed that appellant received workers compensation benefits from the temporary employment agency rather than through appellee, and by point two, he contends that he showed that appellee refused to accept employer responsibility for appellant at the time of injury.

Texas courts recognize that a general employee of one employer may become the borrowed servant of another. *Sparger v. Worley Hospital, Inc.,* 547 S.W.2d 582, 583 (Tex.1977); *Carr v. Carroll Co.,* 646 S.W.2d 561, 563 (Tex.App.— Dallas 1982, writ ref'd n.r.e.). The doctrine protects the employer who had the right of control from common-law liability. *Carr,* 646 S.W.2d at 563. The central inquiry becomes which employer had the right of control of the details and manner of the

work. If the general employer controls the manner of an employee's performing services, the general employer remains liable, but if the employee is placed under another employer's control in the manner of performing services, the employee becomes the borrowed servant of that employer. *See Producers Chemical Co. v. McKay,* 366 S.W.2d 220, 225 (Tex.1963).

■ When the right of control is not expressed in the contract between the employers, it is inferred from such facts and circumstances as the nature of the general project, the nature of the work to be performed by the machinery and employees furnished, length of the special employment, the type of machinery furnished, acts representing an exercise of actual control, the right to substitute another operator of the machine, etc. *Producers Chemical,* 366 S.W.2d at 226; *Carr,* 646 S.W.2d at 565.

■ Appellee urges us to consider defects in appellant's summary judgment proof. Specifically, it asserts that the document on which appellant relies to show that the temporary service's workers compensation insurer paid appellant is neither sworn nor certified and contains hearsay. Our examination of appellee's response reveals that these defects were not specifically pointed out below by objection with opportunity to amend. Thus, these defects cannot be considered by this Court. Tex.R. Civ.P. 166a(e); *see Dolenz v. A– B–,* 742 S.W.2d 82, 83 n. 2 (Tex.App.—Dallas 1987, writ denied); *but see Trimble v. Gulf Paint & Battery, Inc.,* 728 S.W.2d 887, 889 (Tex.App.—Houston [1st Dist.] 1987, no writ); *cf. Barrera v. Sanchez,* 679 S.W.2d 704, 706 (Tex.App.—San Antonio 1984, no writ) (hearsay).

■ Appellant argues that the workers compensation payments are a factor in determining whether he was a borrowed servant, citing *Guerrero v. Standard Alloys Manufacturing Co.,* 566 S.W.2d 100, 102 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.), *on remand,* 598 S.W.2d 656 (Tex. Civ.App.—Beaumont 1980, writ ref'd n.r. e.). In *Guerrero,* the court found that a genuine issue of material fact, whether plaintiff was defendant's borrowed servant, precluded summary judgment. The plaintiff's affidavit declared that he spoke no English and the supervisors at defendant's plant spoke no Spanish, that the owner of the janitorial service through which plaintiff was employed said plaintiff worked for him, that the owner of the janitorial service checked by and told them how to improve their work. Thus, plaintiff's affidavit raised the issue of the right of control.

Appellant relies on the *Guerrero* court's observation that the affidavit of the janitorial service owner stated that he carried the workers compensation insurance pursuant to an agreement with defendant. *Id.* However, that does not determine the question of control. *See Smith v. Otis Engineering Corp.,* 670 S.W.2d 750, 751 (Tex. App.—Houston [1st Dist.] 1984, no writ). The *Guerrero* court merely points out that the plaintiff had to claim the janitorial service was his employer to obtain the workers compensation benefits.

The case at bar, moreover, is distinguishable from *Guerrero.* Since it is uncontroverted that appellee and the temporary employment agency had no written contract, the circumstances determine who had the right of control and was the employer. *Carr,* 646 S.W.2d at 565. The summary judgment evidence shows that the job involved ripping off an old roof and putting up a new one. Appellee provided appellant's tools, and appellee's employees told him what to do on the jobsite. Appellee's foreman controlled his hours, told him when to take lunch break, and supervised what he was doing when he was injured. The temporary service agency did not provide guidance or supervisory personnel on the jobsite. This is unlike the *Guerrero* situation, but like the *Carr* situation, in which *Guerrero* was distinguished. *See Carr,* 646 S.W.2d at 564.

Appellant's affidavit states that the temporary service agency provided him with safety glasses and a hard hat and told him to wear steel-toed boots and gloves. However, assisting a worker meet dress requirements is not the same as supervising

him at the site. Borrowed servant status depends on the circumstances of the particular action causing the injury. *See J.A. Robinson Sons, Inc. v. Wigart,* 431 S.W.2d 327, 334 (Tex.1968). Appellant has failed to raise a fact issue.

*Guerrero* is further distinguished in that no agreement about carrying workers compensation coverage was shown. It is uncontroverted that appellee carried it, and appellant claims the temporary service carried it. In any event, the focus in determining the status of employer/employee is on the right of control, not who may or may not have carried workers compensation insurance or gratuitously paid compensation benefits. We overrule point one.

■ By point two, appellant claims to have raised a fact question on whether he was a borrowed servant because of evidence of appellee's refusal to accept responsibility after his fall. Appellant's affidavit states that appellee's foreman refused to call an ambulance or use the company truck to take him to the hospital after his fall, that appellee said he was not their employee, and that it contacted the temporary service agency but is also refused to send an ambulance. A co-worker took appellant to a clinic.

Appellee's post-accident conduct is irrelevant to whether appellant was under its control and supervision when he fell. *See Wigart,* 431 S.W.2d at 330. It is undisputed that appellee's foreman told appellant to put sealant on the roof and was in charge of him at the time he fell. This supports the trial court's determination that appellee was the employer at the time of the fall. We overrule point two.

We AFFIRM the trial court's judgment.