NUMBER 13-00-313-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


ROLANDO MONTEMAYOR , Appellant,


v.


ROLANDO CHAPA, U.S.A. WASTE-MANAGEMENT RESOURCES, 

L.L.C., AND WASTE-MANAGEMENT OF TEXAS, INC., F/D/A 

U.S.A. WASTE OF TEXAS, INC. , Appellees.

___________________________________________________________________


On appeal from the 28th District Court

of Nueces County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Castillo


Appellant Rolando Montemayor ("Montemayor") appeals from a summary judgment entered against him on the basis of the
issue of respondeat superior. We affirm.

Factual Summary



 Montemayor was injured in an automobile accident while working as an employee of Express Personnel Services, a
temporary work placement agency. On the day of the accident, he was assigned to work for U.S.A. Waste of Texas, Inc., a
garbage collection company, as a "trash hauler" or "thrower." U.S.A. Waste of Texas, Inc. has subsequently changed its
name to Waste Management, Inc. (we will refer to this company under both names as "Waste Management"). The injury
occurred while he was riding as a passenger in one of Waste Management's garbage vehicles, driven by Rolando Chapa, a
Waste Management employee. Both Express Personnel Services and Waste Management carried worker's compensation
insurance for their employees. Montemayor sought and received worker's compensation benefits through Express Personnel
Services. He also brought this suit, seeking money damages against both Waste Management and Chapa, based on Chapa's
negligence in the accident and Waste Management's failure to provide adequate training to Chapa and failure to provide
appellant with a safe working environment. Appellee Waste Management moved for summary judgment based on its
argument that, under the borrowed servant doctrine, appellant's suit against it was barred by the Texas Worker's
Compensation Act. Tex. Lab. Code. Ann. §401.001 - 418.002 (Vernon 1996 & Supp. 2001). In the same motion, appellee
Chapa moved for summary judgment against appellant under the fellow servant doctrine. (1) The trial court granted the
motion for summary judgment based on these affirmative defenses. 

Standard of Review



 Waste Management moved for summary judgment under Texas Rule of Civil Procedure 166a(c) (traditional summary
judgment) based upon the affirmative defense of the exclusive remedy position of the Texas Worker's Compensation Act. 
Id.

 Under a traditional summary judgment under Texas Rule of Civil Procedure 166a(c), the movant has the burden of
showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. American
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1985). In deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the nonmovant will be taken as true. Id. Every reasonable inference
must be indulged in favor of the nonmovant and any doubts must be resolved in favor of the nonmovant. Id. Evidence
favoring the movant's position will not be considered unless it is uncontradicted. Great Am. Reserve Ins. Co. v. San
Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1972). A defendant's motion for summary judgment must disprove
at least one essential element of each of the plaintiff's causes of action, or establish all the elements of an affirmative
defense as a matter of law. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). 

 Summary judgment "may be based on uncontroverted testimonial evidence of an interested witness  if the evidence is
clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily
controverted." Tex. R. App. P. 166a(c). 

Issue Presented

 In his sole issue presented, Montemayor claims the trial court erred in granting the motion for summary judgment based
on the appellees' affirmative defenses of borrowed servant and fellow servant. He makes several arguments as to why the
summary judgment was improperly rendered, specifically that the affirmative defenses were improperly pled, that the
affidavits used to support the summary judgment were defective, and that a fact issue remains as to the right of control
necessary to establish the borrowed servant doctrine. We address each of these arguments in turn. Defective Pleadings

 Montemayor argues that Waste Management's pleadings before the trial court were defective, thus invalidating the
summary judgment. Specifically, he argues that Waste Management failed to verify its Second Amended Answer, in which
Waste Management pled that the claims against it were barred by the exclusive remedy provision of the Texas Worker's
Compensation Act. 

 We disagree. It is true that Texas Rule of Civil Procedure 93 requires that certain pleadings must be verified. Tex. R. Civ.
P. 93. Pleadings that must be verified include any assertion "that the plaintiff is not entitled to recover in the capacity in
which he sues, or that the defendant is not liable in the capacity in which he is sued." Tex. R. Civ. P. 93(2). In the present
case, Waste Management failed to verify its second amended pleading. However, rule 93 contains an exception, stating
that pleadings do not need verification where "the truth of such matters appear of record." Tex. R. Civ. P. 93. Here, the
absence of a verified pleading on the issue of the exclusive remedy provision of section 408.001 of the worker's
compensation act was not fatal to the defense, because facts conclusively demonstrating the application of that act were on
the record at the time summary judgment was rendered. See Tex. Lab. Code Ann. §408.001 (Vernon Supp. 2001); Cantu
v. Holiday Inns, Inc., 910 S.W.2d 113, 116 (Tex. App.-Corpus Christi 1995, writ denied) (holding that defect of parties,
which defendant pled but failed to verify under rule 93, appeared "of record" in the summary judgment evidence and
therefore properly before the court). Specifically, Waste Management presented summary judgment evidence
demonstrating that: (1) Waste Management was Montemayor's temporary employer on the day he was injured; (2) Waste
Management, and not Express Personnel Services, possessed the sole right of control over Montemayor in the performance
of his duties as a trash hauler; (3) Montemayor sustained a work-related injury during the course of his employment with
Waste Management; and (4) Waste Management was a subscriber to worker's compensation insurance coverage for its
employees at the time that Montemayor was injured. 

 Montemayor further alleges that the affirmative defenses of fellow servant and borrowed servant were not properly pled by
Waste Management. (2) The general rule is that all affirmative defenses must be pled. Tex. R. Civ. P. 94. In this case, both
of these issues were pled in Waste Management's second amended answer. Further, a motion for summary judgment is
treated as a pleading for the purpose of rule 94. Marshall v. Toy-R-Us Nytex, Inc., 825 S.W.2d 193, 195 (Tex.
App.-Houston [14th Dist.] 1992, writ denied). Waste Management pled both affirmative defenses in its motion for
summary judgment, putting them both "openly in issue in accordance with Rule 94." Id. (internal quotations omitted). 

Appellees' Affidavits

 Montemayor claims that the affidavits offered by Waste Management in support of its summary judgment were improperly
considered as summary judgment evidence. Montemayor in particular objects to four statements made in the various
affidavits presented by Waste Management. We find that these statements all constituted proper summary judgment
evidence. See Tex. R. Civ. P. 166a.

 Montemayor complains that the affidavits of both Henry Eidenmueller, the owner of Express Personnel Services' Corpus
Christi franchise, and Tom Weber, the branch manager for Waste Management's Corpus Christi location, contained
statements that were merely factual conclusions. Montemayor also complains that the affidavit of Rolando Chapa contains
self-serving statements that were merely unsubstantiated opinions and based on hearsay. These are all objections to the
form of the affidavits. Hou-Tex, Inc. v. Landmark Graphics, 26 S.W.3d 103, 112 (Tex. App.-Houston [14th Dist.] 2000,
no pet.). A party complaining about the form of an affidavit must secure a ruling on that objection in order to properly
preserve it for appeal. Chapman Children's Trust v. Porter & Hedges, L.L.P., 32 S.W.3d 429, 435 (Tex. App.-Houston
[14th Dist. 2001, pet. denied); Hou-Tex, Inc. v. Landmark Graphics, 26 S.W.3d at 112. Although Montemayor objected to
these issues in his response to the motion for summary judgment, he failed to secure a ruling on those objections, and
therefore waived error. 

 Montemayor further complains as to a statement made by Tom Weber in his affidavit on the basis that it stated a legal
conclusion. An objection that an affidavit states a legal conclusion is an objection based on a defect in the substance of the
affidavit. As such, it may be raised on appeal even if it was never ruled on, or indeed even raised, at the trial court level. 
Rizkallah v. Conner, 952 S.W.2d 580, 587 (Tex. App.-Houston [1st. Dist.] 1997, no pet.). Therefore we review the
substance of this complaint. 

 Weber stated in his affidavit that "[a]t the time of the accident described in Plaintiff's Original Petition, Rolando Chapa
was in the course and scope of his employment with U.S.A. Waste Management of Texas, Inc. and Mr. Montemayor was
temporarily assigned as a borrowed employee of U.S.A. Waste of Texas, Inc." Montemayor argues that this testimony was
merely a legal conclusion, without factual support. 

 It is true that "affidavits consisting only of conclusions are insufficient to raise an issue of fact." Brownlee v. Brownlee,
665 S.W.2d 111, 112 (Tex. 1984). However, this "does not mean that logical conclusions based on stated underlying facts
are improper." Rizkallah v. Conner, 952 S.W.2d 580, 587 (Tex. App.-Houston [1st. Dist.] 1997, no pet.). Here, while it
does appear that the above statement was conclusory, it was amply supported by underlying facts included in Weber's
deposition, which was also admitted as competent summary judgment evidence in its entirety. Weber stated in his
deposition that Montemayor was working as a thrower for Waste Management on the day he was hurt, pursuant to a
temporary assignment from Express Personnel Services. Weber further stated that workers like Montemayor are provided
with training and instruction regarding the performance of their temporary duties, upon reporting to work. In addition,
Weber stated that the garbage truck drivers are responsible for supervising throwers such as Montemayor in the
performance of their duties and are responsible for making sure that the throwers are safely in the truck while the vehicle is
moving. Also, Weber stated that Express Personnel provides no supervisory personnel to Waste Management to oversee
Express Personnel's workers. Even if we found that Weber's statement was improper and disregarded it, the remaining
summary judgment evidence, including the deposition and affidavit testimony of Eidenmueller, the deposition testimony of
Weber, Chapa's affidavit, and the remaining portions of Weber's affidavit, would be sufficient to support the summary
judgment ruling. See id. at 588. 

 Montemayor further argues that the affidavit of Eidenmueller is contradicted by his own deposition testimony and was thus
not competent summary judgment evidence. It is true that "[i]f conflicting inferences may be drawn from the deposition
and from the affidavit of the same party, a fact issue is presented," which would defeat summary judgment. Tenowich v.
Sterling Plumbing Co., 712 S.W.2d 188, 189 (Tex. App.-Houston [14th Dist.] 1986, no writ). However, here there was no
conflict between Eidenmueller's affidavit and his deposition testimony. In his affidavit, Eidenmueller states that "Express
Personnel Services did not directly supervise the work performed by Mr. Montemayor while he was engaged in work for
U.S.A. Waste of Texas, Inc., . . . Any specific instructions regarding work performed by Mr. Montemayor was to be
provided by the companies for whom he performed services." In his deposition, Eidenmueller states that Express Personnel
Services retained control over their employees in regard to where they are assigned to work and their wages, but the client
assumed sole job site direction over the temporarily-assigned employee. No discrepancy, and therefore no fact issue, is
reflected by Eidenmueller's testimony. 



The Borrowed Servant and Fellow Servant Doctrines



 The Texas Worker's Compensation Act is a statute which was enacted to provide adequate and prompt compensation,
within the limits of the law, to employees who are accidentally injured in the course of their employment. Texas
Employers' Ins. Ass'n v. Leake, 196 S.W.2d 842, 843 (Tex. Civ. App. 1946, writ ref'd n.r.e.); see generally Tex. Lab.
Code Ann. §§ 401.001-451.003 (Vernon 1996 and Supp. 2001). This act provides the exclusive remedy for any "employee
covered by worker's compensation insurance coverage or a legal beneficiary against the employer or an agent or employee
of the employer for . . . a work-related injury sustained by the employee." Id. §408.001 (Vernon 1996). An employee is
covered by worker's compensation insurance coverage if his employer possesses an approved insurance policy covering the
payment of worker's compensation benefits to its employees. Id.§401.011 (Vernon Supp. 2001). 

 Texas courts have recognized the rule that a general employee of one employer may become the borrowed servant of
another. See Sparger v. Worley Hosp., 547 S.W.2d 582, 583 (Tex. 1977); Chapa v. Koch Ref. Co., 985 S.W.2d 158, 160
(Tex. App.-Corpus Christi 1998), rev'd on other grounds, 11 S.W.3d 153 (Tex. 1999). Under the borrowed servant
doctrine, a person who is in the general employment of one employer but is placed under the control of another employer in
regard to the manner of performing services becomes a borrowed servant of the latter. Producers Chem. Co. v. McKay, 366
S.W.2d 220, 225 (Tex. 1963); Carr v. Carroll Co., 646 S.W.2d 561, 562 (Tex. App.-Dallas 1982, writ ref'd n.r.e.). The
central question is which employer had the right of control over the manner and details of the employee's work. Denison v.
Haeber Roofing Co., 767 S.W.2d 862, 864 (Tex. App.-Corpus Christi 1989, no writ). The borrowed servant doctrine
protects the employer who possesses the right of control from common-law liability. Id. at 864 (citing Carr, 646 S.W.2d at
563). 

 When an individual works for a temporary employment agency and is hired by another company on a temporary basis, the
contract between the agency and the other company controls the issue of right of control. Producers Chem. Co., 366
S.W.2d at 226; Denison, 767 S.W.2d at 865. Where the right of control is not specified in the contract between the
employers, the court must look to other factors, including "the nature of the general project, the nature of work to be
performed by the machinery and employees furnished, length of the special employment, the type of machinery furnished,
acts representing an exercise of actual control, and the right to substitute" another employee for the given task. Producers
Chem. Co., 366 S.W.2d at 226.

 In the present case, there was no contract between Express Personnel Services and Waste Management regarding right of
control. Therefore, we look to the circumstances surrounding Montemayor's temporary employment with Waste
Management. Eidenmueller testified in his deposition and affidavit that Express Personnel Services provided no
supervision for Montemayor with respect to his work with Waste Management. Weber testified in his deposition that
Montemayor received training from Waste Management in reference to his job duties. Further, in his affidavit Chapa states
that he was supervising Montemayor in his duties, and he was also driving the vehicle in which Montemayor was riding
during the performance of his work duties. It is undisputed that this job was of a short-term nature, and neither
Montemayor nor Express Personnel Services provided any tools or materials for use in performing this job.

 Montemayor contends that he was not operating under Waste Management's control in this instance because he was not
injured while actually picking up trash but rather was hurt in an automobile accident while a passenger in the garbage
vehicle en route to the landfill to drop off the accumulated refuse collected during the day. However, it is clear from the
affidavits offered by Waste Management that Montemayor's job description necessarily included riding in the specially
equipped waste disposal vehicle in the course of carrying out his duties as a trash thrower. SeeTex. Lab. Code Ann.
§401.011(12)(A)(iii) (Vernon Supp. 2001) (employee is operating within the course and scope of employment for the
purpose of worker's compensation coverage when he is directed by the employer to proceed from one place to another).

 Therefore, we find that at the time of the accident Waste Management was Montemayor's employer under the borrowed
servant doctrine for the purposes of the exclusive remedy provision of the worker's compensation act.

 Because the claim against Waste Management is barred by the exclusive remedy provision of the Texas Worker's
Compensation Act, it follows that Montemayor's claim against Chapa was also barred by the fellow servant doctrine. 
Recovery of worker's compensation benefits is the exclusive remedy for an employee injured on the job and covered by
worker's compensation insurance against an agent or employee of the same employer. Tex. Lab. Code Ann. §408.001
(Vernon Supp. 2001). Chapa stated in his affidavit that he was a full-time employee of Waste Management. Chapa further
stated that he was operating in the course and scope of his employment when the accident occurred. Montemayor did not
challenge these statements at the trial court level and does not dispute these statements in his appellate brief. A co-worker
for the purposes of worker's compensation immunity is one for whom the employer would, aside from the worker's
compensation act, be legally responsible under the doctrine of respondeat superior. McKelvy v. Barber, 381 S.W.2d 59, 62
(Tex. 1964); Darensburg v. Tobey, 887 S.W.2d 84, 88 (Tex. App.-Dallas 1994, writ denied). Montemayor's claims against
Chapa are negligence claims against a Waste Management co-employee who was operating in the course and scope of his
employment. Waste Management is a worker's compensation insurance subscriber and was responsible for Chapa's actions
under the doctrine of respondeat superior. Therefore, Montemayor's claims are barred by the fellow servant doctrine. 

 For the foregoing reasons, we deny appellant's sole issue presented.

Conclusion



 Accordingly, we affirm the judgment of the trial court. 





 

ERRLINDA CASTILLO

Justice



Publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 21st day of November, 2001.

 

1. Waste Management and Chapa filed all their trial court pleadings together and submitted a joint brief to this court. We
will refer to them collectively as "Waste Management," except where it is necessary to discuss Montemayor's claims
against one of these two parties individually.

2. Though Montemayor cites Texas Rule of Civil Procedure 93(2) for his argument as to pleading of affirmative defenses,
it is plain that his argument as it pertains to affirmative defenses is based on rule 94. See Tex. R. Civ. P. 94.