**Edward ALANIZ, Appellant,**

v.

**GALENA PARK INDEPENDENT SCHOOL DISTRICT,
Appellee.**

No. C14–91–0702–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 14, 1992.

Syd Phillips, Houston, for appellant.

Jeffery D. Horner, Timothy J. Brightman, Kenneth A. Zimmern, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Edward C. Alaniz appeals from a summary judgment entered in favor of appellee in his employment termination lawsuit alleging violation of the "Texas Whistleblower Act." In three points of error, appellant contends the trial court erred in finding he was not a public employee, he did not report a law violation to an appropriate law enforcement authority, and he was not terminated, suspended, or discriminated against by appellee. We affirm.

Appellant was employed by Servicemaster Corporation (Servicemaster) from November 14, 1988, until May 22, 1990, as a Custodial Supervisor. Appellee, Galena Park Independent School District, acquired its custodial services through a written contract with Servicemaster. Appellant performed custodial duties on appellee's various campuses and managed, instructed, and trained custodial personnel within the District. In early May, 1990, appellant reported alleged thefts from the soft drink machine at North Shore High School to Raymond Morgan, District Assistant Superintendent, and Terry Lloyd, North Shore High School Assistant Vice–Principal. On May 22, 1990, Larry Helgesen, Servicemaster Manager, terminated appellant for insubordination in bypassing him and directly reporting to the District administration without his knowledge.

In his first point of error, appellant complains the trial court erred in finding he was not a public employee hired by appellee. Specifically, he claims he performed services for compensation under a written contract with appellee through its agent, Servicemaster. He alleges his employment by Servicemaster thereby constitutes public employment by appellee, a local governmental body. We disagree.

When reviewing a summary judgment, (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, (2) evidence favorable to the non-movant will be taken as true, and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–59 (Tex.1985); *Turboff v. Gertner, Aron & Ledet Investments,* 763 S.W.2d 827, 829 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

The "Texas Whistleblower Act" (the Act) precludes a state or local government from terminating "a public employee who reports a violation of law to an appropriate law enforcement authority if the employee report is made in good faith." *City of Houston v. Leach,* 819 S.W.2d 185, 193 (Tex.App.—Houston [14th Dist.] 1991, no writ); TEX.REV.CIV.STAT.ANN. art. 6252–16a § 2 (Vernon Supp.1992). Under this Act, a "public employee" is defined as:

[A] person who performs services for compensation under a *written or oral contract* for a state or local governmental body. The term does not include an independent contractor.

TEX.REV.CIV.STAT.ANN. art. 6252–16a § 1 (3) (Vernon Supp.1992) (emphasis added).

The summary judgment proof before us indicates:

1. Appellant signed a written employment agreement with Servicemaster on November 14, 1988, in which his duties entailed full-time supervisory work at an $8 hourly rate.

2. Servicemaster and appellee contracted for support management services commencing on August 1, 1988. Their agreement states in part:

GENERAL CONDITIONS:

a. Independent Contractor: Except for specific duties and responsibilities described in paragraph 1 above, in which Servicemaster is acting as School's agent, Servicemaster agrees that in all other respects its relationship to the School will be that of an independent contractor, and that it will not act or represent that it is acting as an agent of the School or incur any obligation on the part of the School without written authority of the School.

Paragraph 1 states that Servicemaster agrees to perform the managing function of support services. Servicemaster agrees to furnish all coordinating management, supervisory, training and technical personnel. These personnel shall be direct agents and employees of Servicemaster.

3. On May 21, 1990, Tom Parris, North Shore High School Principal, sent a memo to Larry Helgesen, Servicemaster Manager, informing him that appellant had told some custodians that other custodians had stolen money out of the Coke machine. Parris recommended that appellant stay off his campus unless he was delivering Servicemaster equipment because he grossly abused the proper chain of command.

4. On May 22, 1990, Larry Helgesen initiated a Servicemaster Separation Report terminating appellant's employment for insubordination in failing to report directly to him and directly reporting to the school administration without his knowledge.

5. Appellant admitted in Appellee's Requests for Admission that he only had an employment contract with Servicemaster, and never entered into an employment contract with appellee.

6. The affidavit of Larry Helgesen asserts that Servicemaster is employed as an independent contractor for appellee. He states that terminating appellant's Servicemaster employment for insubordination was solely his own decision. Prior to appellant's discharge, Servicemaster carried him on its social security and income tax withholding records, paid his wages, and provided him with work responsibilities and equipment. Appellant was subject to Servicemaster's ultimate control and supervision in his employment duties.

7. The affidavit of Ray Morgan, District Assistant Superintendent, asserts appellant was employed by Servicemaster and that no District member had any role or input in appellant's termination. He indicates that Larry Helgesen discharged appellant for insubordination.

8. The affidavit of appellant asserts he was hired by Servicemaster in November, 1988, and worked for appellee pursuant to a contract between Servicemaster and appellee. He states he took general direction concerning job duties from Larry Helgesen and more specific direction from each individual District principal.

The evidence outlined above indicates Servicemaster hired, paid wages, and withheld social security and income tax for appellant. Further, Servicemaster solely directed and supervised his work responsibility details, provided him with equipment, and instigated his discharge. The agreement between appellee and Servicemaster discloses that Servicemaster served as an independent contractor for appellee. As defined above, the Act specifically states that the term "public employee" does not include an independent contractor. Moreover, appellant conceded he never had any type of employment contract, whether oral or written, with appellee. Therefore, we find that appellant does not satisfy the requirements to be designated a public employee under the Act.

Appellant alternatively urges us to deem him a "borrowed servant" of the appellee because he took specific and direct supervision from various District principals and strictly worked in appellee's schools. That we cannot do. The Act does not address any other category besides public employees. Even assuming that the Act pertained to borrowed employees, his allegation is misdirected. The essential inquiry under the borrowed servant doctrine

becomes which employer had the right of control of the details and manner of the employee's work. *Denison v. Haeber Roofing Co.*, 767 S.W.2d 862, 864–65 (Tex. App.—Corpus Christi 1989, no writ). Several other factors relevant in determining the "borrowed employee" question are the right to hire and discharge the worker, the carrying of the worker on social security and income tax withholding records, the providing of equipment, and the responsibility to pay wages. *Mayo v. Southern Farm Bureau Casualty Ins. Co.*, 688 S.W.2d 241, 243 (Tex.App.—Amarillo 1985, writ ref'd n.r.e). The law continues to require that one party be named the employer and all others be classified as third parties. *See Smith v. Otis Engineering Corp.*, 670 S.W.2d 750, 751 (Tex.App.—Houston [1st Dist.] 1984, no writ). Hence, we believe the borrowed servant principle is also inapplicable because Servicemaster had the primary right to control and supervise appellant's custodial duties besides the responsibility to hire, pay wages, withhold social security and taxes, and discharge the appellant. After careful analysis of the facts and circumstances in this case, we find appellant has failed to raise a fact question indicating he is a public employee as defined by TEX.REV.CIV.STAT.ANN. art. 6252–16a § 1(3) and, thus, cannot qualify for the Act's safeguards and privileges. Since this point of error is dispositive of the case, we need not address the other points of error. We find the summary judgment evidence was sufficient to support the trial court's order and judgment in favor of appellee and overrule appellant's first and dispositive point of error.

We affirm the trial court's summary judgment.