ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 30, 2009

Mr. Robert Scott
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0749

Re: Application of Education Code section 11.063 to former school district trustee placed in his district by a school staffing company (RQ-0806-GA)

Dear Commissioner Scott:

You request an opinion on Education Code section 11.063, which provides that "[a] trustee of an independent school district may not accept employment with that school district until the first anniversary of the date the trustee's membership on the board ends."[1] TEX. EDUC. CODE ANN. § 11.063 (Vernon 2006). You inquire on behalf of the Red Oak Independent School District (the "ROISD" or "district") about the application of this statute to a trustee who resigned from the ROISD Board of Trustees and is employed by a third party that contracts with the district for staffing purposes.[2] Request Letter at 1; Attachment at 1–2. Specifically, you ask whether section 11.063 prohibits the former ROISD trustee from being placed at the ROISD school district by a third-party employer "before the first anniversary of the date the trustee's membership on the board ended." Attachment at 2; TEX. EDUC. CODE ANN. § 11.063 (Vernon 2006).

Initially, we note that the answer to this question will depend upon the facts of the relationship among the district, the third-party company, and the former trustee. We cannot resolve fact questions in an attorney general opinion, and thus we cannot give a definitive answer to your question. See Tex. Att'y Gen. Op. Nos. GA-0459 (2006) at 3–4, O-3382 (1941) at 5. We can, however, generally advise you about the circumstances under which section 11.063 applies.

We begin with the language of section 11.063. This statute bars a former trustee from accepting "employment" with the school district. TEX. EDUC. CODE ANN. § 11.063 (Vernon 2006). Education Code chapter 11 does not define "employment" nor do we find a definition of this term in any relevant administrative rule. Words in statutes are to be read in context and construed according to the rules of grammar and common usage. See TEX. GOV'T CODE ANN. § 311.011(a)

---

[1] See Request Letter at 1 (available at http://www.texasattorneygeneral.gov).

[2] See Letter on behalf of the ROISD to Robert Scott (attached to Request Letter) [hereinafter Attachment].

(Vernon 2005). Dictionaries have defined "[e]mployment" as "[t]he state of being employed."[3] *See Powell v. Stover*, 165 S.W.3d 322, 326 (Tex. 2005); *Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 196 n.19 (Tex. 2004) (courts will consult a dictionary to determine the common meaning of a word). A person who accepts employment with a school district becomes the employee of the district.[4] School district personnel are chosen by the school board on recommendation of the superintendent of the school district, unless final authority for those decisions is delegated to the superintendent. *See* TEX. EDUC. CODE ANN. § 11.1513(a)(1)–(2), (b) (Vernon Supp. 2008) (school board employment policy). The superintendent is also responsible for the assignment, supervision, and evaluation of district personnel. *See id.* § 11.201(d)(2).

Prior opinions of this office have considered, in connection with provisions other than section 11.063, whether an individual performing services for the school district is an employee of the district. Attorney General Opinion GA-0127 concluded that a trustee was not an employee of the district where a private umpires' association assigned him to officiate ball games in his school district. *See* Tex. Att'y Gen. Op. No. GA-0127 (2003) at 2 (addressing common-law doctrine of incompatibility). In reaching this conclusion, the opinion noted that the trustee was not appointed to serve as an umpire by the board of trustees, and the district had no supervisory authority over him. *See id.*

Attorney General Opinion GA-0018 addressed contracts between school districts and commercial enterprises that employed retired teachers and supplied them to the school districts on a temporary basis. *See* Tex. Att'y Gen. Op. No. GA-0018 (2003) at 1; *see also* TEX. EDUC. CODE ANN. § 11.157 (Vernon 2006) (a board of trustees of an independent school district may contract with a public or private entity for educational services). The opinion considered whether a retired teacher working at a school under such arrangement would revoke his retirement benefits pursuant to Texas Government Code section 824.005(b), which provides for revocation "if the person becomes employed in any position in a public school" during the month after his retirement. TEX. GOV'T CODE ANN. § 824.005(b) (Vernon 2004). Attorney General Opinion GA-0018 concluded that the contract in question would not cause the retired educator to lose his retirement benefits because the school district had contracted with the third-party commercial enterprise and not the retiree. Nor was the retired teacher a school district employee within Education Code section 22.051(a), which provides a limited grant of immunity for a professional employee of a school district.[5] *See* Tex. Att'y Gen. Op. No. GA-0018 (2003) at 3–4 (discussing predecessor of section 22.0511(a)).

A judicial decision under the whistleblower statute also addressed the distinction between a school district employee and an individual hired by a third party to provide services for a school

---

[3]BLACK'S LAW DICTIONARY 604 (9th ed. 2009); MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 408 (11th ed. 2003).

[4]MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 408 (11th ed. 2003) ("one employed by another usu. for wages or salary").

[5]Section 22.051 was renumbered to section 22.0511 after GA-0018 was issued. *See* Act of June 1, 2003, 78th Leg., R.S., ch. 204, § 15.01, sec. 22.0511, 2003 Tex. Gen. Laws 847, 890.

district. *See Alaniz v. Galena Park Indep. Sch. Dist.*, 833 S.W.2d 204, 205–07 (Tex. App—Houston [14th Dist.] 1992, no writ); *see also* TEX. GOV'T CODE ANN. §§ 554.001–.010 (Vernon 2004) (whistleblower statute). Like the two attorney general opinions, *Alaniz* determined whether an individual who performed services for a school district was a district employee by considering a number of factors related to his employment, including who had authority to supervise him. *See Alaniz*, 833 S.W.2d at 206. The *Alaniz* court held that an individual who was under contract with a private custodial company that assigned him to perform custodial services at a school district was not a "public employee" within the definition of that term in the whistleblower statute. *See id.* at 205–07; *see also* TEX. GOV'T CODE ANN. § 554.001(4) (Vernon 2004) (defining a "[p]ublic employee" as "an employee or appointed officer other than an independent contractor who is paid to perform services for a state or local governmental entity"). In reaching its decision, the court found it significant that the custodian contracted only with the private company, and that the contract described his duties, set his compensation, and provided that the company would supervise him.[6] *See Alaniz*, 833 S.W.2d at 206. In summary, the custodian was an employee of the private company, which provided services to the district as an independent contractor, and not a school district employee.

In reaching a determination as to whether a company's placement of a former trustee at the district prior to the first anniversary of the date the trustee's membership on the board ended would violate section 11.063, a court would likely examine the relationship between the parties in order to determine whether the trustee was actually employed by the school district or the third party. If all the relevant facts, such as contract terms, control and supervision, and source of payment, showed that an individual was employed by a third-party company and not by the school district, we believe a court would likely conclude that his employment would not be subject to the restriction in Education Code section 11.063, even though the private company assigned him to perform services for the school district. *See Alaniz,* 833 S.W.2d at 206; Tex. Att'y Gen. Op. Nos. GA-0127 (2003) at 3 n.5, GA-0018 (2003) at 3–4. If, however, the relevant facts demonstrated that the former trustee was employed by the school district, section 11.063 would bar him from such employment with the school district until the first anniversary of the date his membership on the board ended. *See* TEX. EDUC. CODE ANN. § 11.063 (Vernon 2006).

---

[6]Other factors cited by the court included that the private company hired, paid wages, and withheld social security and income tax for the individual, and it solely directed and supervised his work, provided him with equipment, and discharged him. *See Alaniz*, 833 S.W.2d at 206.

Mr. Robert Scott - Page 4          (GA-0749)

## S U M M A R Y

Section 11.063 of the Education Code bars a school district trustee from accepting employment with the school district until the first anniversary of the date his membership on the school board ends. If, after examining the relationship among the district, the third-party company and the trustee, a court were to find that a third-party company employed the former trustee and he was not employed by the school district, we believe that a court would likely conclude that his employment would not be barred by Education Code section 11.063, even though the private company assigned him to perform services for the school district.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee